# EXHIBIT A

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GSE ENVIRONMENTAL, INC., et al.,[1] | Case No. 14-11126 (___) |
| Debtors. | (Joint Administration Requested) |
| | Re: Docket No. __ |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, (B) CONTINUE ORDINARY COURSE INCENTIVE PROGRAMS FOR NON-INSIDERS, AND (C) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (I) authorizing the Debtors to (a) pay prepetition wages, salaries, other compensation, and reimbursable expenses, (b) continue ordinary course incentive programs for non-insiders (subject to entry of the Final Order), and (c) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (II) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. No payments to any individual employee shall exceed the amounts set forth in 11 U.S.C. §§ 507(a)(4) and 507(a)(5) of the Bankruptcy Code unless the Debtors provide notice of a proposed payment to the Office of the United States Trustee for the District of Delaware and to any statutory committee appointed in these cases.

3. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2014, at __:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2014, and shall be served on: (a) the Debtors, GSE Environmental, Inc., 19103 Gundle Road, Houston, Texas 77073, Attn: Daniel Storey; (b) proposed counsel for the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., Esq., Jeffrey D. Pawlitz, Esq., and Bradley Thomas Giordano, Esq.; (c) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North

Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq. and Timothy P. Cairns, Esq.; (d) counsel to the administrative agent, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, Connecticut 06103-1919, Attn: Nathan Z. Plotkin, Esq.; (e) counsel to the first lien credit facility lenders, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Scott K. Charles, Esq. and Emily D. Johnson, Esq.; (f) local counsel to the administrative agent and the first lien credit facility lenders, Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: Russell C. Silberglied, Esq.; (h) counsel to any statutory committee appointed in these cases; and (g) Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Tiiara N.A. Patton, Esq. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

4. The Debtors are authorized, but not directed, to continue and/or modify the Employee Compensation and Benefits in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices, and, in the Debtors' discretion, to pay and honor prepetition amounts related thereto in an aggregate interim amount not to exceed $803,000; *provided* that pending entry of the Final Order, the Debtors are not authorized to honor obligations under the Severance Program, Director Obligations, or Employee Incentive Programs.

| Relief Sought | Interim Amount |
|---|---|
| **Employee Compensation and Withholding Obligations** | |
| Unpaid Wages | $291,000 |
| Unpaid Sales Commission | $0 |
| Withholding Obligations | $152,500 |
| Unpaid Payroll Fees | $0 |
| Payroll Taxes | $131,000 |
| Expense Reimbursements | $60,000 |
| **Employee Benefit Programs** | |
| Health Insurance Programs | $165,500 |

3

DOCS_DE:193051.1

| Relief Sought | Interim Amount |
|---|---|
| Life & AD&D Insurance | $1,000 |
| Voluntary Life & AD&D Insurance | $0 |
| Disability Benefits | $2,000 |
| Workers' Compensation Programs | $0 |
| 401(k) Plan | $0 |
| Employee Assistance Program | $0 |
| Education Assistance Program | $0 |
| Fitness Program | $0 |
| Relocation Assistance Program | $0 |
| Paid Time Off | $0 |
| **Total** | **$803,000** |

5. Nothing herein shall be deemed to (a) authorize the payment of any amounts in satisfaction of pre-petition bonus or Severance Payments, or which are subject to section 503(c) of the Bankruptcy Code or (b) authorize the Debtors to cash out unpaid Vacation Time upon termination of an employee, unless applicable state law requires such payment.

6. Pursuant to Section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

7. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

10. Notwithstanding the relief granted in this Interim Order, any payment to be made, or authorization obtained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, and any order regarding the use of cash collateral approved by the Court in these chapter 11 cases.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2014
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE