# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE, AND OTHER DATES, (C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN AND FOR FILING OBJECTIONS TO THE PLAN, (D) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS, AND (E) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (a) approving the Disclosure Statement,[2] (b) establishing the voting record date, voting deadline, and other related dates, (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan (as defined herein) and for filing objections to the Plan, (d) approving the manner and forms of notice and other related documents, and (e) granting other relief relating thereto as set forth herein. In support of this Motion, the Debtors respectfully state as follows.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code*, filed contemporaneously herewith (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement").

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 502, 1123(a), 1124, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1, 3003-1, and 3017-1.

## Relief Requested

4.      By this Motion, the Debtors seek entry of an order (the "Disclosure Statement Order"), substantially in the form attached hereto as **Exhibit A**, granting the following relief and such other relief as is just and proper:

      a.      **Disclosure Statement**:  approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

b. **Disclosure Statement Hearing Notice**: approving the manner and form of notice of the hearing to consider approval of the Disclosure Statement (the "<u>Disclosure Statement Hearing</u>" and the notice thereof, the "<u>Disclosure Statement Hearing Notice</u>"), substantially in the form attached to the Disclosure Statement Order as **Exhibit 1**;

c. **Ballots**: approving the Class 3 Ballots, the Class 4 Ballots, and the Class 5 Ballots (each as defined below and collectively, the "<u>Ballots</u>"), substantially in the forms attached to the Disclosure Statement Order as **Exhibits 2-A**, **2-B**, and **2-C**, respectively;

d. **Solicitation Packages**: finding that the solicitation materials and documents included in the solicitation packages (the "<u>Solicitation Packages</u>") that will be sent to, among others, Holders of Claims entitled to vote to accept or reject the Plan, comply with Bankruptcy Rules 3017(d) and 2002(b);

e. **Cover Letter**: approving the form of letter (the "<u>Cover Letter</u>") that the Debtors will send Holders of Claims entitled to vote to accept or reject the Plan urging such parties to vote in favor of the Plan, substantially in the form attached to the Disclosure Statement Order as **Exhibit 3**;

f. **Confirmation Hearing Notice**: approving the form and manner of notice of the hearing to consider Confirmation of the Plan (the "<u>Confirmation Hearing</u>," and the notice thereof, the "<u>Confirmation Hearing Notice</u>"), substantially in the form attached to the Disclosure Statement Order as **Exhibit 4**;

g. **Solicitation and Voting Procedures**: approving the procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to the Plan (the "<u>Solicitation and Voting Procedures</u>");

h. **Non-Voting Status Notices**: approving (i) the forms of notice applicable to Holders of Claims and Interests that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan and (ii) the forms of notice applicable to Holders of Claims and Interests that are Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan (each, a "<u>Non-Voting Status Notice</u>"), substantially in the forms attached to the Disclosure Statement Order as **Exhibit 5** and **Exhibit 6**, respectively;[3]

---

[3] Intercompany Claims and Intercompany Interests will either be Reinstated under the Plan or, at the option of the Debtors or Reorganized Debtors, cancelled, with no distribution made on account of the Intercompany Claims (Continued…)

i.     **Notice of Proposed Cure Amount**:   approving the form of notice applicable to all parties to Executory Contracts and Unexpired Leases (the "Notice of Proposed Cure Amount"), substantially in the form attached to the Disclosure Statement Order as **Exhibit 7**; and

j.     **Confirmation Timeline**:  establishing the following dates and deadlines, subject to modification as necessary:

- **Voting Record Date**:   The date of the Disclosure Statement Hearing as the date for determining  (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "Voting Record Date");[4]

- **Solicitation Deadline**:   On or about seven calendar days after entry of the Disclosure Statement Order as the deadline for distributing Solicitation Packages, including the Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline");

- **Publication Notice**:  Not later than seven calendar days after entry of the Disclosure Statement Order as the last date by which the Debtors will submit the Confirmation Hearing Notice for publication;

- **Filing the Plan Supplement**:  Not later than ten days before the Voting Deadline (as defined below), as the date by which the Debtors must file the Plan Supplement with the Court and serve parties entitled to notice in these chapter 11 cases with a notice that will (i) inform parties that the Debtors filed the Plan Supplement, (ii) list the information contained in the Plan Supplement, and (iii) explain how parties may obtain copies of the Plan Supplement;

---

or Intercompany Interests (as applicable).  Thus, Holders of Intercompany Claims and Holders of Intercompany Interests will not be entitled to vote to accept or reject the Plan.  Nevertheless, in light of the fact that the Intercompany Claims and Intercompany Interests are all held by the Debtors or affiliates of the Debtors, the Debtors are requesting a waiver from any requirement to serve such Holders of Intercompany Claims and Intercompany Interests.

[4]     The Debtors request that the Court establish the Voting Record Date for voting purposes only and that the Voting Record Date shall not affect who is entitled to receive distributions under the Plan.

- **Voting Deadline**:  5:00 p.m., prevailing Eastern Time, on or about 30 calendar days after the Solicitation Deadline as the deadline by which <u>all</u> Ballots must be properly executed, completed, and delivered so that they are **actually received** by Prime Clerk LLC (the "<u>Noticing Agent</u>") (the "<u>Voting Deadline</u>");

- **Plan Objection Deadline**:  4:00 p.m., prevailing Eastern Time, on or about 30 calendar days after the Solicitation Deadline as the deadline by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "<u>Plan Objection Deadline</u>");

- **Filing the Voting Report**:  Not later than the third business day prior to the Confirmation Hearing Date (as defined below), as the date by which the Voting Report shall be filed with the Court;

- **Filing the Confirmation Brief**:  Not later than the deadline to file the agenda for the hearing to consider Confirmation of the Plan, as the date by which the Debtors shall file their brief in support of Confirmation; and

- **Confirmation Hearing Date**:  On or about seven calendar days after the Voting Deadline, at a time to be determined in consultation with the Court, as the date and time for the hearing at which the Court will consider Confirmation (the "<u>Confirmation Hearing Date</u>").

5.      On the Petition Date, the Debtors also filed the Plan and the Disclosure Statement.

In accordance with section 1126 of the Bankruptcy Code, the Plan contemplates classifying Holders of Claims and Interests into certain Classes for all purposes, including with respect to voting to accept or reject the Plan, as follows:

| SUMMARY OF STATUS AND VOTING RIGHTS | | | |
|---|---|---|---|
| **Class** | **Claims and Interests** | **Status** | **Voting Rights** |
| Class 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 3 | First Lien Claims | Impaired | Entitled to Vote |
| Class 4 | Qualified Unsecured Trade Claims | Impaired | Entitled to Vote |
| Class 5 | General Unsecured Claims | Impaired | Entitled to Vote |

| SUMMARY OF STATUS AND VOTING RIGHTS | | | |
|---|---|---|---|
| Class | Claims and Interests | Status | Voting Rights |
| Class 6 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 7 | Intercompany Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept/Deemed to Reject) |
| Class 8 | Intercompany Interests | Unimpaired | Not Entitled to Vote (Presumed to Accept/Deemed to Reject) |
| Class 9 | Parent Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

6. Based on the foregoing, (a) the Debtors will solicit votes to accept or reject the Plan from Holders of Claims in Classes 3, 4, and 5 (collectively, the "Voting Classes") and (b) the Debtors will not solicit votes from Holders of Claims in Classes 1, 2, 6, and 7 and Interests in Classes 8 and 9 (collectively, the "Non-Voting Classes").

## Background

7. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

**I.      Approval of the Disclosure Statement**

**A.      The Disclosure Statement Contains "Adequate Information," Satisfies All of the Requirements of Section 1125 of the Bankruptcy Code, and Should Be Approved**

8. Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide holders of impaired claims and interests entitled to vote to accept

or reject the Plan "adequate information" regarding that plan. Section 1125(a)(1) of the Bankruptcy Code states, in relevant part:

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

9. The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision whether to vote to accept or reject the plan. *See, e.g.*, *Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization. *Century Glove*, 860 F.2d at 100.

10. Courts within the Third Circuit and elsewhere acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court. *See, e.g.*, *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court"); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what

constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (internal citations omitted); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.3d 414, 417 (3d Cir. 1988) ("From the legislative history of section 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); *see also* S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 (stating that "the information required will necessarily be governed by the circumstances of the case").

11.    Case law under section 1125 of the Bankruptcy Code has produced a list of topics that a Court will look for in a proposed disclosure statement when evaluating the adequacy of the disclosures therein.  Such topics include:

- the events which led to the filing of a bankruptcy petition;

- the relationship of the debtor with its affiliates;

- a description of the available assets and their value;

- the anticipated future of the company;

- the source of information stated in the disclosure statement;

- the present condition of the debtor while in chapter 11;

- claims asserted against the debtor;

- the estimated return to creditors under a chapter 7 liquidation;

- the future management of the debtor;

- the chapter 11 plan or a summary thereof;

- financial information, valuations, and projections relevant to the creditors' decision to accept or reject the chapter 11 plan;

- information relevant to the risks posed to creditors under the plan;

- the actual or projected realizable value from recovery of preferential or otherwise voidable transfers;

- litigation likely to arise in a nonbankruptcy context; and

- tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same). Disclosure regarding all topics is not necessary in every case. *See Brass*, 194 B.R. at 424.

12.     The Disclosure Statement contains the pertinent information necessary for the Holders of Claims entitled to vote to accept or reject the Plan to make informed decisions about whether to vote to accept or reject the Plan, including, among other things, the following key sections and information contained therein:

a.     **Executive Summary**:  statement of the Debtors in support of the Plan, purpose and effect of the Plan (including the Restructuring Transactions effected thereunder), overview of the Classes of Claims and Interests and their respective treatment under the Plan, overview of the Solicitation and Voting Procedures and Confirmation and Consummation, including important dates with respect to voting on the Plan and objecting to the Confirmation, and a summary and explanation of the settlement, release, injunction, and exculpation provisions of the Plan;

b.     **Background to These Chapter 11 Cases**:  the Debtors' corporate history and capital structure, an overview of their business operations, the Debtors' prepetition indebtedness, and certain events leading to the commencement of these chapter 11 cases;

c.     **Summary of the Plan**:  Administrative Claims and Priority Tax Claims, the classification and treatment of Claims and Interests under the Plan, acceptance and rejection of the Plan, means for implementation of the

Plan, treatment of Executory Contracts and Unexpired Leases under the Plan, provisions governing distributions, the procedures for resolving contingent, unliquidated, and disputed Claims, conditions precedent to Confirmation and Consummation, settlement, release, injunction, and related provisions, and the binding nature of the Plan;

d.  **Confirmation and Consummation Procedures**:  procedures for soliciting votes to accept or reject the Plan, Confirmation procedures, and statutory requirements for Confirmation and Consummation;

e.  **Plan-Related Risk Factors**:  certain risk factors that may affect the Plan, the value of any securities to be issued under the Plan, and the Debtors' businesses as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement;

f.  **Alternatives to Confirmation and Consummation**:  liquidation under chapter 7 of the Bankruptcy Code, including the liquidation analysis or the filing of alternative plans of reorganization;

g.  **Exemptions From Securities Act Registration**:  the applicability of section 1145 of the Bankruptcy Code to the issuance of New Equity under the Plan;

h.  **Tax Consequences of the Plan**:  certain U.S. federal income tax law consequences of the Plan with respect to Holders of Allowed Claims and Allowed Interests and the Reorganized Debtors;

i.  **Financial Information**:  the Reorganized Debtors' projections and valuation; and

j.  **Recommendation**:  the Debtors' recommendation that Holders of Claims vote to accept the Plan.

13.    The Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides Holders of Claims entitled to vote to accept or reject the Plan with adequate information within the meaning of section 1125 of the Bankruptcy Code.

**B.    The Disclosure Statement Hearing Notice Includes the Requisite Information and its Distribution to All Known Creditors Provides Adequate Notice of the Hearing**

14.    Pursuant to Bankruptcy Rule 2002(b), debtors are required to provide 28 days' notice of the deadline to object to the adequacy of a disclosure statement. Fed. R. Bankr. P. 2002(b). In addition, pursuant to Bankruptcy Rule 2002(b) and 3017(a), debtors are required to provide 28 days' notice of the hearing to consider the adequacy of a disclosure statement, and Local Rule 3017-1 requires such hearing to be at least 35 days following service of the disclosure statement. Fed. R. Bankr. P. 2002(b), 3017(a); Del. Bankr. L.R. 3017-1.

15.    Upon filing this Motion, the Debtors will serve all known creditors with a copy of the Disclosure Statement Hearing Notice, which identifies: (a) the date, time, and place of the Disclosure Statement Hearing; (b) the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) can be obtained; and (c) the deadline and procedures for filing objections to the approval of the Disclosure Statement. Additionally, the Debtors will distribute copies of the Disclosure Statement Hearing Notice and the Disclosure Statement, including exhibits, in paper format to parties entitled to notice.

16.    Thus, all parties in interest will have had no fewer than 28 days' notice of the deadline to object to the approval of the Disclosure Statement and no fewer than 35 days' notice of the Disclosure Statement Hearing, in compliance with Bankruptcy Rules 2002(b), 3017(a), and Local Rule 3017-1.

17.    Accordingly, the Debtors submit that they provided adequate notice of the Disclosure Statement Hearing and, therefore, request that the Court approve such notice as appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

## II. Approval of the Solicitation and Voting Procedures

### A. Establishing the Voting Record Date

18.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

19.     The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish the date of the Disclosure Statement Hearing (or if such hearing is not completed in one day, the first day of the Disclosure Statement Hearing) as the Voting Record Date for determining: (a) the Holders of Claims entitled to receive a Solicitation Package; (b) the Holders of Claims entitled to vote to accept or reject the Plan; and (c) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of such Claim. Moreover, the Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim *only if*:  (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote to accept or reject the Plan made by the Holder of such Claim as of the Voting Record Date.

### B. Establishing the Voting Deadline

20. Bankruptcy Rule 3017(c) provides that prior to approving the disclosure statement, the Court must fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation of the Plan. *See* Fed R. Bankr. P. 3017(c). The Debtors request that the Court establish 30 calendar days after the Solicitation Deadline as the deadline by which Ballots must be received by the Noticing Agent. The Debtors further request that the Court require that all Holders of Claims entitled to vote to accept or reject the Plan complete, execute, and return their Ballots with an original signature so that they are **actually received** by the Noticing Agent on or before the Voting Deadline.

### C. Approval of the Forms of Ballots

21. In accordance with Bankruptcy Rule 3018(c), the Debtors have prepared and customized ballots for (a) Holders of Class 3 First Lien Claims (the "Class 3 Ballots"), (b) Holders of Class 4 Qualified Unsecured Trade Claims (the "Class 4 Ballots"), and (c) Holders of Class 5 General Unsecured Claims (the "Class 5 Ballots"). These forms of Ballots are based on Official Form No. 14, but have been modified to address the particular circumstances of these chapter 11 cases and the provisions of the Plan and to include certain additional information that is relevant and appropriate for Claims within any of the Voting Classes. The forms of these Ballots are attached to the Disclosure Statement Order as **Exhibits 2-A**, **2-B**, and **2-C**, respectively. The Debtors request the Court's approval of these forms of Ballots.

### D. Distribution of Solicitation Packages to Parties Entitled to Vote to Accept or Reject the Plan

22. In accordance with Bankruptcy Rule 3017(d), which specifies the materials to be distributed to holders of allowed claims and allowed interests upon approval of a disclosure

statement, the Debtors submit that the materials listed below provide Holders of Claims entitled to vote to accept or reject the Plan with the information they need to be able to make informed decisions with respect to how to vote. Thus, on or prior to the Solicitation Deadline, which the Debtors propose to be seven calendar days after entry of the Disclosure Statement Order, the Debtors will cause to be distributed the Solicitation Packages by first-class U.S. mail to those Holders of Claims in the Voting Classes, including:

    a.    the Cover Letter explaining the solicitation process and urging Holders of Claims in the Voting Classes to vote to accept the Plan;

    b.    the Disclosure Statement (and the exhibits thereto, including the Plan);

    c.    the Disclosure Statement Order (excluding the exhibits thereto);

    d.    the Confirmation Hearing Notice;

    e.    an appropriate Ballot (together with detailed voting instructions and a pre-addressed, postage prepaid return envelope); and

    f.    such other materials as the Court may direct.

23.    The Debtors request that they be authorized, but not required, to distribute the Plan, the Disclosure Statement, and the Disclosure Statement Order to Holders of Claims entitled to vote to accept or reject the Plan in CD-ROM format. The Ballots, as well as the Cover Letter and the Confirmation Hearing Notice, will only be provided in paper format. Such distribution may translate into significant monetary savings to the Debtors' estates (the Plan, the Disclosure Statement, and the Disclosure Statement Order, collectively, total over 100 pages). Bankruptcy courts in this district have permitted debtors to transmit solicitation documents in CD-ROM format in other large chapter 11 cases in the interest of saving printing and mailing costs. *See, e.g.*, *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 10, 2013) (authorizing the debtors to transmit solicitation documents in CD-ROM format); *In re Pipeline Data Inc.*, No. 12-13123 (KJC) (Bankr. D. Del. Aug. 8, 2013)

(same); *In re Conexant Sys., Inc.*, No. 13-10367 (MFW) (Bankr. D. Del. Apr. 19, 2013) (same); *In re Neb. Book Co.*, No. 11-12005 (PJW) (Bankr. D. Del. Apr. 12, 2012) (same); *In re Appleseed's Intermediate Holdings, LLC*, No. 11-10160 (KG) (Bankr. D. Del. Mar. 1, 2011) (same); *In re OTC Holdings Corp.*, No. 10-12636 (BLS) (Bankr. D. Del. Nov. 1, 2010) (same).[5]

24.     Additionally, the Debtors will provide (a) complete Solicitation Packages (excluding any Ballot) to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and the applicable agents for the Debtors' prepetition and proposed postpetition secured lenders, and (b) the Disclosure Statement Order (excluding the exhibits thereto) and the Confirmation Hearing Notice to all parties who have filed requests for notices under Bankruptcy Rule 2002 as of the Voting Record Date.  Any party who receives a CD-ROM, but who would prefer paper format, may contact the Noticing Agent and request paper copies of the corresponding materials previously received in CD-ROM format, which will then be provided at the Debtors' expense.

25.     The foregoing timing and materials afford Holders of Claims entitled to vote to accept or reject the Plan at least 28 days to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan prior to the Voting Deadline, consistent with the requirements of the applicable Bankruptcy Rules.  *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of

---

[5]     Because of the voluminous nature of the orders cited in this Motion, such orders are not attached to the Motion. Copies of these orders are available on request to the Debtors' proposed counsel.

such plan may be filed, and any other information that the court may direct to certain holders of claims).

**E.     Notices Sent to Parties Not Entitled to Vote to Accept or Reject the Plan**

26.     Certain Holders of Claims and Interests are <u>not</u> entitled to vote to accept or reject the Plan.  As a result, such parties will <u>not</u> receive Solicitation Packages and, instead, will receive an appropriate form of Non-Voting Status Notice, if any, in lieu of solicitation materials.

a.     **<u>Unimpaired Claims – Conclusively Presumed to Accept</u>**:  Claims in Classes 1 and 2 are Unimpaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, Holders of such Claims will receive a "Non-Voting Status Notice With Respect to Unimpaired Classes Conclusively Presumed to Accept the Plan" in lieu of a Solicitation Package.

b.     **<u>Impaired Claims – Deemed to Reject</u>**:  Holders of Claims in Class 6 and 9 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan.  As such, Holders of such Claims and Interests will receive a "Non-Voting Status Notice With Respect to Impaired Classes Deemed to Reject the Plan" in lieu of a Solicitation Package.

c.     **<u>Intercompany Claims and Intercompany Interests</u>**:  The Debtors propose not to provide the Holders of Intercompany Claims or Intercompany Interests (Classes 7 and 8, respectively) with a Solicitation Package or any other type of Notice.  At the election of the Debtors, the Intercompany Claims and Intercompany Interests will be either (i) Reinstated, Unimpaired, and therefore presumed to accept the Plan or (ii) cancelled, Impaired, and therefore deemed to reject the Plan.

d.     **<u>Counterparties to Executory Contracts and Unexpired Leases</u>**:  To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of the proposed cure amount with respect to such Executory Contracts and Unexpired Leases, such counterparties will receive the Notice of Proposed Cure Amount.

27.     Each of the above-described Non-Voting Status Notices will describe, among other things:  (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Disclosure Statement Order, and all other materials in the Solicitation Package (<u>excluding</u> Ballots) from the Noticing Agent and/or the

Court's website via PACER; (b) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article VIII of the Plan; (c) notice of the Plan Objection Deadline; and (d) notice of the Confirmation Hearing Date and information related thereto.

28.     The Debtors believe that the mailing of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d).  Thus, unless the Court orders otherwise, the Debtors do not intend to distribute Solicitation Packages to Holders of Claims and Interests in the Non-Voting Classes.

**F.     Approval of Voting and Tabulation Procedures**

(i)     General Tabulation Procedures

29.     The Debtors respectfully request that the Court approve the voting and tabulation procedures described herein, which are consistent with section 1126(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a).  Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designed under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

30.     Only the Holders of Claims in the Voting Classes that are not subject to any pending objection as of the Voting Record Date are eligible to vote to accept or reject the Plan. The assignee of any transferred or assigned Claim may be permitted to vote such Claim if the transfer or assignment has been fully effectuated pursuant to Bankruptcy Rule 3001(e).

31.     The Debtors propose to use the following voting procedures and standard assumptions in tabulating Ballots (the "Voting and Tabulation Procedures"):

a.    **<u>Votes Not Counted</u>**:  The following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

      i.    any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

      ii.    any Ballot cast by an entity that (A) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan, (B) holds a Claim that is subject to a pending objection, (C) holds a Claim that is scheduled as contingent, disputed, or unliquidated in the Debtors' schedules and with respect to which no proof of claim (a "<u>Proof of Claim</u>") is properly filed before the Claims Bar Date, or (D) is not otherwise entitled to vote pursuant to the procedures described herein;

      iii.    any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Noticing Agent) or the Debtors' financial or legal advisors;

      iv.    any inconsistent duplicate Ballots that are simultaneously cast with respect to the same claim or interest;

      v.    any Ballot transmitted to the Noticing Agent by facsimile, electronic mail, or other means not specifically approved herein;

      vi.    any unsigned Ballot;

      vii.    any Ballot that does not contain an original signature; or

      viii.    any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan.

b.    **<u>Rejected Ballots</u>**:  Except as otherwise provided herein and subject to any contrary order of the Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall be entitled to reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation; *provided*, *however*, that the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

c.    **<u>Multiple Ballots</u>**:  If multiple Ballots are received by the Noticing Agent from the same Holder with respect to the same Claims prior to the voting deadline, the latest received, validly executed Ballot timely received shall count for voting purposes, subject to contrary order of the Court; *provided*, *however*, that in instances where ambiguity exists with respect to which

Ballot was the latest received, the Noticing Agent has the right to contact the relevant Holder to determine such Holder's intent and calculate the vote according thereto.

d. **No Vote-Splitting**:  Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any such votes.  Accordingly, any Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their sole and absolute discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

e. **Defective Ballots**:  The Debtors, in their sole and absolute discretion, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; *provided*, *however*, that:

   i.    any such waivers shall be documented in the Voting Report;

   ii.   neither the Debtors, nor any other entity, will be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification; and

   iii.  unless waived by the Debtors, in their sole and absolute discretion, subject to contrary order of the Court, any defects or irregularities associated with the delivery of Ballots must be cured prior to the Voting Deadline or the applicable Ballots will <u>not</u> be counted;

f. **Lack of Good Faith Designation**:  In the event a designation for lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected by such Claim.

g. **Determination of Claim Amount**:  The amount of each Allowed Claim attributed to Holders who duly submit votes to accept or reject the Plan will be as follows:

   i.    the Claim amount settled and/or agreed upon by the Debtors (whether temporarily or otherwise), as reflected in a document filed with the Court, in an order of the Court, or in a document executed by the Debtors pursuant to authority granted by the Court;

ii. absent the foregoing, the Claim amount contained in a Proof of Claim that has been timely filed by the Claims Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, *however*, that Ballots cast by Holders of Claims who timely file a Proof of Claim in respect of a contingent Claim or in a wholly-unliquidated or unknown amount that is not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and such a Ballot will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided further*, *however*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim;

iii. absent the foregoing, the Claim amount listed in the Debtors' Schedules, *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and has not been paid; and

iv. in the absence of any of the foregoing, zero, and the Vote shall not be counted.

32.     The Debtors believe that the foregoing Solicitation and Voting Procedures are appropriate and in compliance with the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules. The Debtors submit that they have shown good cause for the approval of the Solicitation and Voting Procedures and, therefore, request that the Court approve the Solicitation and Voting Procedures.

(ii)     Returned Solicitation Packages and Notices

33.     In compliance with Bankruptcy Rules 2002, 3017, and 9006, the Debtors will send the Disclosure Statement Hearing Notice to, among others, Holders of Claims in the Voting Classes. The Debtors anticipate that some of the notices of the Disclosure Statement Hearing that are sent to Holders of Claims may be returned by the United States Postal Service or other

carrier as undeliverable. The Debtors believe that it would be costly and wasteful to mail Solicitation Packages to the same addresses to which undeliverable notices of the Disclosure Statement Hearing were mailed. Therefore, the Debtors seek the Bankruptcy Court's approval for a departure from the strict notice rule requiring the Debtors to mail Solicitation Packages to those Entities listed at such addresses, unless the Debtors, through the Noticing Agent (as a result of such Entity writing to GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022), are provided with accurate addresses for such Entities not less than ten calendar days prior to the Solicitation Date. If a Holder of a Claim or Interest has changed its mailing address after the Petition Date, the burden should be on the Holder—not the Debtors—to advise the Noticing Agent and the Debtors of the new address.

(iii) <u>Non-Substantive or Immaterial Modification</u>

34. The Debtors request authorization to make non-substantive or immaterial changes to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

**G. Establishing Confirmation Hearing Date, Notice, and Objection Procedures**

35. In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code (requiring a confirmation hearing with respect to any chapter 11 plan), the Debtors request that the Court establish the Plan Objection Deadline on or about 30 calendar days after the Solicitation Deadline and set the Confirmation Hearing Date for on or about seven calendar days after the Plan Objection Deadline; *provided*, *however*, that the Confirmation Hearing may be continued from time to time by the Debtors or by the Court without further notice to parties in

interest other than such adjournment announced in open court and/or a notice of adjournment filed by the Debtors and posted on the Debtors' restructuring website at http://cases.primeclerk.com/gse.

36.     Bankruptcy Rules 2002(b) and (d) require no less than 28 days' notice to all holders of claims of the time fixed for filing objections to the hearing on confirmation of a chapter 11 plan.  To satisfy this requirement, the Debtors will serve the Confirmation Hearing Notice on all known Holders of Claims and Interests (except Intercompany Claims and Intercompany Interests) and the parties entitled to notice in these chapter 11 cases (regardless of whether such parties are entitled to vote to accept or reject the Plan) by the Solicitation Deadline, which will provide all parties in interest at least 28 days' notice of the Plan Objection Deadline and the Confirmation Hearing.  The Confirmation Hearing Notice will include, without limitation:  (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Disclosure Statement Order, and all other materials in the Solicitation Package (excluding Ballots) from the Noticing Agent, the Debtors' restructuring website, and the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the date by which the Debtors will file the Plan Supplement; (d) notice of the Plan Objection Deadline; and (e) notice of the Confirmation Hearing Date and information related thereto.

37.     In addition to the foregoing distribution of the Confirmation Hearing Notice, the Debtors will submit the Confirmation Hearing Notice for publication (in a format modified for publication) in the *Wall Street Journal* (National Edition) on a date that is no less than 28 days before the Plan Objection Deadline.

38.     Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice." Fed. R. Bankr. P. 2002(l).  The Debtors believe that publication of the Confirmation Hearing Notice will provide sufficient notice of, among other things, the entry of the Disclosure Statement Order, the Voting Deadline, the Plan Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by mail.  Service and publication of the Confirmation Hearing Notice comports with the requirements of Bankruptcy Rule 2002.

39.     The Debtors also request that the Court direct the manner in which parties in interest may object to Confirmation.  Pursuant to Bankruptcy Rule 3020(b)(l), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).  The Confirmation Hearing Notice will require that objections to Confirmation or requests for modifications to the Plan, if any, must:

a.     be in writing;

b.     conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court;

c.     state the name and address of the objecting party and the amount and nature of the Claim or Interest of such Entity;

d.     state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

e.     be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by the notice parties identified in the Confirmation Hearing Notice on or prior to the Plan Objection Deadline.

40.     The Debtors believe that the Plan Objection Deadline for filing and service of objections (and proposed modifications, if any) will afford the Court, the Debtors, and other parties in interest reasonable time to consider the objections and proposed modifications prior to the Confirmation Hearing.

## **Notice**

41.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 25 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' first lien credit facility; (d) counsel to the administrative agent; (e) local counsel to the administrative agent; (f) the first lien credit facility lenders; (g) counsel to the first lien credit facility lenders; (h) local counsel to the first lien credit facility lenders; (i) the United States Environmental Protection Agency; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the office of the attorneys general for the states in which the Debtors operate; (m) the Securities and Exchange Commission; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

42.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A,** (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Wilmington, Delaware
Dated:  May 4, 2014

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:      (302) 652-4400
Email:           ljones@pszjlaw.com
                      tcairns@pszjlaw.com

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Jeffrey D. Pawlitz (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                      jeffrey.pawlitz@kirkland.com
                      bradley.giordano@kirkland.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*