# EXHIBIT 1

### Procedures for Certain Transfers of, or Declarations of Worthlessness with respect to, the Equity Securities

# PROCEDURES FOR CERTAIN TRANSFERS OF, OR DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO, THE EQUITY SECURITIES

The following procedures apply to transfers of the Equity Securities:[1]

a.  Any person or entity (as each term is defined for purposes of section 382 of the United States Internal Revenue Code (the "IRC"), and including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock) who currently is or becomes a Substantial Holder (as defined below) must file with the Court, and serve upon (i) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Bradley Thomas Giordano and Ben Winger, (ii) GSE Environmental, Inc., 119103 Gundle Road, Houston, Texas 77073, Attn: Daniel Storey, and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Fl., P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones and Timothy P. Cairns (collectively, the "Notice Parties"), a declaration of such status, substantially in the form of **Exhibit 1A** attached to these Procedures, on or before the later of (x) 30 calendar days after the date of the Notice of Order (as defined below), or (y) ten calendar days after becoming a Substantial Holder.

b.  Prior to effectuating any transfer of Beneficial Ownership (as defined below) of the Equity Securities that would result in an increase in the amount of the Equity Securities of which a Substantial Holder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Holder, such Substantial Holder or potential Substantial Holder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of the Equity Securities in the form of **Exhibit 1B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Equity Securities").

c.  Prior to effectuating any transfer of Beneficial Ownership of the Equity Securities that would result in a decrease in the amount of the Equity Securities of which a Substantial Holder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Holder, such Substantial Holder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of the Equity Securities in the form of **Exhibit 1C** attached to these Procedures (each, a "Declaration of Intent to Transfer Equity Securities" and with a Declaration of Intent to Accumulate Equity Securities, each, a "Declaration of Proposed Transfer").

---

[1]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

d.      The Debtors shall have 30 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on the person or entity providing such Declaration of Proposed Transfer an objection to any proposed transfer of Beneficial Ownership of the Equity Securities described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their net operating losses and/or tax credits ("Tax Attributes"). If the Debtors file an objection, such transaction remains ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final order of the Court that becomes nonappealable. If the Debtors do not object within such 30-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 30-day waiting period for each Declaration of Proposed Transfer.

e.      For purposes of these procedures: (i) a "Substantial Holder" is any entity or individual that has Beneficial Ownership of at least 916,304 shares of GSE Holding, Inc. common stock (representing approximately 4.5 percent of all issued and outstanding common stock);[2] (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all shares owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership), (3) an individual and such individual's family members may be treated as one individual, (4) persons or entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, shares subject to risk of forfeiture, contract to acquire shares, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

---

[2]      Based on approximately 20,362,321 shares of GSE Holding, Inc. common stock outstanding as of the Petition Date.

KE 31565665

The following procedures apply to declarations of worthlessness with respect to the Equity Securities:[3]

a. Any person or entity who has been, currently is or becomes a 50 Percent Holder (as defined below) must file with the Court, and serve upon the Notice Parties, a declaration of such status, substantially in the form of **Exhibit 1D** attached to these Procedures, on or before the later of (i) 30 calendar days after the date of the Notice of Order (as defined below), or (ii) ten calendar days after becoming a 50 Percent Holder.

b. Prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the Equity Securities under section 165(g) of the IRC (or other applicable provision of state law), for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50 Percent Holder must file with the Court, and serve upon the Notice Parties, an advance written declaration in the form of **Exhibit 1E** attached to these Procedures (a "Declaration of Proposed Deduction") of the intended claim of worthlessness.

c. The Debtors shall have 30 calendar days after receipt of a Declaration of Proposed Deduction to file with the Court and serve on such 50 Percent Holder an objection to any proposed claim of worthlessness described in the Declaration of Proposed Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize the Tax Attributes. If the Debtors file an objection, the filing of the return with such claim remains ineffective pending a ruling on the objection and thereafter in accordance with the ruling and applicable appellate rules and procedures. If the Debtors do not object within such 30-day period, the filing of the return with such claim can proceed solely as set forth in the Declaration of Proposed Deduction after the expiration of the 30-day period. Additional returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

d. For purposes of these procedures, a "50 Percent Holder" is any person or entity that at any time during such person or entity's last three taxable years has had Beneficial Ownership of 50.0 percent or more (within the meaning of section 382(g)(4)(D)) of GSE Holding, Inc.'s common stock.

No later than two business days following entry of the Interim Order, the Debtors shall serve by first class mail, postage prepaid a notice in substantially the form of **Exhibit 1F** attached hereto (the "Notice of Order") to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 25 Largest Unsecured Claims; (c) the United States Securities and Exchange Commission;

---

[3]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

KE 31565665

(d) the Internal Revenue Service; and (e) all registered holders of the Equity Securities. Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") to the same entities that received the Notice of Order.

Any entity or broker or agent acting on such entity's or individual's behalf who sells, trades, or otherwise transfers Beneficial Ownership in excess of 916,304 shares of the Equity Securities (*i.e.*, approximately 4.5 percent of outstanding Equity Securities) to another entity shall be required to serve a copy of the Notice of Order or Notice of Final Order, as applicable, on such purchaser of such Equity Securities or any broker or agent acting on such purchaser's behalf.

Within five business days following entry of the Interim Order, the Debtors shall (a) submit a copy of the Notice of Order (modified for publication) in the *New York Times* (*National Edition*), and (b) submit a copy of the Notice of Order (modified for publication) to Bloomberg Professional Service for potential publication by Bloomberg.

*[Remainder of page intentionally left blank]*

KE 31565665

# EXHIBIT 1A TO THE PROCEDURES

## Declaration of Status as a Substantial Holder

KE 31565665

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (MFW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF STATUS AS A SUBSTANTIAL HOLDER[2]

**PLEASE TAKE NOTICE** that _____ is/has become a Substantial Holder with respect to the equity securities in GSE Holding, Inc. ("GSE") or of any Beneficial Ownership therein (the "Equity Securities"). GSE is a debtor and debtor in possession in Case No. 14-11126 (MFW) pending in the United States Bankruptcy Court for the District of Delaware.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2014, has Beneficial Ownership of ____ shares of the Equity Securities. The following table sets forth the date(s) on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] For purposes of this Declaration: (a) a "Substantial Holder" is any entity or individual that has Beneficial Ownership of at least 916,304 shares of GSE common stock (representing approximately 4.5 percent of all issued and outstanding shares); (b) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity and (5) a holder would be considered to beneficial own equity securities that such holder has an Option to acquire; and (c) an "Option" to acquire equity securities includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, equity subject to risk of forfeiture, contract to acquire equity, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

which _____ acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Equity Securities:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of _____ are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain [*Interim/Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of, and Declarations of Worthlessness with Respect to, the Equity Securities* [Docket No. __], this Declaration is being filed with the Court and served upon Kirkland & Ellis LLP, proposed counsel to the Debtors.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration, are true, correct, and complete.

KE 31565665

Respectfully submitted,

(Name of Substantial Holder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

_____, _____
Dated: _____

3

KE 31565665

## Declaration of Intent to Accumulate Equity Securities

KE 31565665

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) Case No. 14-11126 (MFW) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DECLARATION OF INTENT TO ACCUMULATE EQUITY SECURITIES

**PLEASE TAKE NOTICE** that _____ hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") equity securities in GSE Holding, Inc. ("GSE") or of any Beneficial Ownership therein (the "Equity Securities").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2014, _____ filed a Declaration of Status as a Substantial Holder[2] with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and served copies thereof as set forth therein.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2]  For purposes of this Declaration: (a) a "Substantial Holder" is any entity or individual that has Beneficial Ownership of at least 916,304 shares of GSE common stock (representing approximately 4.5 percent of all issued and outstanding shares); (b) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity and (5) a holder would be considered to beneficial own equity securities that such holder has an Option to acquire; and (c) an "Option" to acquire equity securities includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, equity subject to risk of forfeiture, contract to acquire equity, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that _____ currently has Beneficial Ownership of _____ shares of the Equity Securities.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, _____ proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of the Equity Securities or an Option with respect to_____ shares of the Equity Securities. If the Proposed Transfer is permitted to occur, _____ will have Beneficial Ownership of _____ shares of the Equity Securities after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of _____ are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim/Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of, and Declarations of Worthlessness with Respect to, the Equity Securities* [Docket No. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon Kirkland & Ellis LLP, proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, _____ acknowledges that it is prohibited from consummating the Proposed Transfer unless and until _____ complies with the procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 30 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless approved by a final order of the Bankruptcy Court that becomes nonappealable. If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

KE 31565665

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by _____ that may result in _____ purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of the Equity Securities will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments, which purport to be part of this Declaration, are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

_____, _____

Dated: _____

KE 31565665

## EXHIBIT 1C TO THE PROCEDURES

### Declaration of Intent to Transfer Equity Securities

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (MFW) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## DECLARATION OF INTENT TO TRANSFER EQUITY SECURITIES

**PLEASE TAKE NOTICE** that _____ hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") equity securities in GSE Holding, Inc. or of any Beneficial Ownership therein (the "Equity Securities").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2014, _____ filed a Declaration of Status as a Substantial Holder[2] with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and served copies thereof as set forth therein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] For purposes of this Declaration: (a) a "Substantial Holder" is any entity or individual that has Beneficial Ownership of at least 916,304 shares of GSE common stock (representing approximately 4.5 percent of all issued and outstanding shares); (b) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity and (5) a holder would be considered to beneficial own equity securities that such holder has an Option to acquire; and (c) an "Option" to acquire equity securities includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, equity subject to risk of forfeiture, contract to acquire equity, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that _____ currently has Beneficial Ownership of _____ shares of the Equity Securities.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, _____ proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of the Equity Securities or an Option with respect to _____ shares of the Equity Securities. If the Proposed Transfer is permitted to occur, _____ will have Beneficial Ownership of _____ shares of the Equity Securities after the transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of _____ are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim/Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of, and Declarations of Worthlessness with Respect to, the Equity Securities* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon Kirkland & Ellis LLP, proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, _____ acknowledges that it is prohibited from consummating the Proposed Transfer unless and until _____ complies with the procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 30 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such action is approved by a final order of the Bankruptcy Court that becomes nonappealable. If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

KE 31565665

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by _____ that may result in _____ selling, trading, or otherwise transferring Beneficial Ownership of shares of the Equity Securities with respect thereto will each require an additional notice filed with the Bankruptcy Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments, which purport to be part of this Declaration, are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

_____, _____

Dated: _____

# EXHIBIT 1D TO THE PROCEDURES

## Declaration of Status as a 50 Percent Holder

KE 31565665

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (MFW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF STATUS AS A 50 PERCENT HOLDER[2]

**PLEASE TAKE NOTICE** that _____ is/has become a 50 Percent Holder with respect to the equity securities in GSE Holding, Inc. ("GSE") or of any Beneficial Ownership therein (the "Equity Securities"). GSE is a debtor and debtor in possession in Case No. 14-11126 (MFW) pending in the United States Bankruptcy Court for the District of Delaware.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2014 has Beneficial Ownership of ____ shares of the Equity Securities. The following table sets forth the date(s) on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] For purposes of this Declaration: (a) a "50 Percent Holder" is is any entity person or entity that at any time within during such person or entity's last three taxable years has had Beneficial Ownership of 50.0 percent or more (within the meaning of section 382(g)(4)(D)) of GSE Holding, Inc.'s common stock; (b) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity and (5) a holder would be considered to beneficial own equity securities that such holder has an Option to acquire; and (c) an "Option" to acquire equity securities includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, equity subject to risk of forfeiture, contract to acquire equity, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

which _____ acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Equity Securities:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of _____ are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim/Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of, and Declarations of Worthlessness with Respect to, the Equity Securities* [Docket No. __], this Declaration is being filed with the Court and served upon Kirkland & Ellis LLP, proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration, are true, correct, and complete.

[*Remainder of page intentionally left blank*]

2

Respectfully submitted,

(Name of 50 Percent Holder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

_____, _____
Dated: _____

KE 31565665

# EXHIBIT 1E TO THE PROCEDURES

## Declaration of Intent to Claim a Worthless Stock Deduction

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (MFW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

**PLEASE TAKE NOTICE** that _____ hereby provides notice of its intention to claim a worthless stock deduction (the "<u>Proposed Deduction</u>") with respect to equity securities in GSE Holding, Inc. or of any Beneficial Ownership therein (the "<u>Equity Securities</u>").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2014, _____ filed a Declaration of Status as a 50 Percent Holder[2] with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") and served copies thereof as set forth therein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] For purposes of this Declaration: (a) a "<u>50 Percent Holder</u>" is any entity person or entity that at any time within during such person or entity's last three taxable years has had Beneficial Ownership of 50.0 percent or more (within the meaning of section 382(g)(4)(D)) of GSE Holding, Inc.'s common stock; (b) "<u>Beneficial Ownership</u>" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity and (5) a holder would be considered to beneficial own equity securities that such holder has an Option to acquire; and (c) an "<u>Option</u>" to acquire equity securities includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, equity subject to risk of forfeiture, contract to acquire equity, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that _____ currently has Beneficial Ownership of _____ shares of the Equity Securities.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Deduction, _____ proposes to declare for [federal/state] tax purposes that _____ shares of the Equity Securities or an Option with respect to _____ shares of the Equity Securities became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of _____ are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *[Interim/Final] Order Approving Notification and Hearing Procedures for Certain Transfers of, and Declarations of Worthlessness with Respect to, the Equity Securities* [Docket No. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon Kirkland & Ellis LLP, proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, _____ acknowledges that it is prohibited from claiming the Proposed Deduction unless and until _____ complies with the procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 30 calendar days after receipt of this Declaration to object to the Proposed Deduction described herein. If the Debtors file an objection, such Proposed Deduction will remain ineffective unless such objection is withdrawn by the Debtors or such action is approved by a final order of the Bankruptcy Court that becomes nonappealable. If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Deduction may proceed solely as set forth in this Declaration.

KE 31565665

**PLEASE TAKE FURTHER NOTICE** that the filing of any further returns (or amended returns) on which _____ contemplates claiming a worthless stock deduction or other declaration of worthlessness with respect to the Equity Securities will each require an additional notice filed with the Bankruptcy Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments, which purport to be part of this Declaration, are true, correct, and complete.

<div style="margin-left:40%">

Respectfully submitted,

(Name of Declarant)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

</div>

_____, _____

Dated: _____

# EXHIBIT 1F TO THE PROCEDURES

## Notice of Order

KE 31565665

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (MFW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## NOTICE OF (A) DISCLOSURE PROCEDURES APPLICABLE TO SUBSTANTIAL HOLDERS OF EQUITY SECURITIES, (B) DISCLOSURE PROCEDURES FOR CERTAIN TRANSFERS OF, OR DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO, THE EQUITY SECURITIES, AND (C) FINAL HEARING ON THE APPLICATION THEREOF

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF EQUITY SECURITIES OF GSE HOLDING, INC.:**

**PLEASE TAKE NOTICE THAT** on May 4, 2014 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT** on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders Approving Notification and Hearing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

*Procedures for Certain Transfers of, and Declarations of Worthlessness with Respect to, the Equity Securities* [Docket No. __] (the "Motion").

**PLEASE TAKE FURTHER NOTICE THAT** on [_____], 2014, the Bankruptcy Court entered the [*Interim/Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of, and Declarations of Worthlessness with Respect to, the Equity Securities* [Docket No. __] approving the Procedures[2] (the "Order").

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Order, a Substantial Holder may not consummate any purchase, sale, or other transfer of the Equity Securities or Beneficial Ownership of the Equity Securities in violation of the procedures set forth therein, and any such transaction in violation of such procedures is null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Order, a 50 Percent Holder may not claim a worthless stock deduction in respect of the Equity Securities or Beneficial Ownership of the Equity Securities in violation of the procedures set forth therein, and any such deduction in violation of such procedures is null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Order, the Procedures, annexed as **Exhibit 1** to the Order, shall apply to the holding and purchase, sale, or other transfers of, and declarations of worthlessness with respect to, the Equity Securities or any Beneficial Ownership therein.

**PLEASE TAKE FURTHER NOTICE THAT** upon the request of any entity, the solicitation agent for the Debtors, Prime Clerk LLC ("Prime Clerk"), will provide a form of each of the required declarations described above and a copy of the Order in a reasonable period of

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Order or the Motion, as applicable.

KE 31565665

time. Such declarations are also available via PACER on the Bankruptcy Court's website at http://ecf.deb.uscourts.gov for a fee, or by accessing the Debtors' restructuring website at http://cases.primeclerk.com/gse.

PLEASE TAKE FURTHER NOTICE THAT a final hearing shall be held before the Bankruptcy Court on _____, 2014, at__:__ _.m. Eastern Time.

FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE AND THE ORDER.

ANY PROHIBITED PURCHASE, SALE, TRADE, OR OTHER TRANSFER OF, OR DECLARATION OF WORTHLESSNESS WITH RESPECT TO, THE EQUITY SECURITIES OF THE DEBTORS OR OPTION WITH RESPECT THERETO IN VIOLATION OF THE ORDER IS PROHIBITED AND IS NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.

PLEASE TAKE FURTHER NOTICE THAT the requirements set forth in this notice are in addition to the requirements of applicable law and do not excuse compliance therewith.

*[Remainder of page intentionally left blank]*

3

Wilmington, Delaware
Dated: _____, 2014

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:    ljones@pszjlaw.com
         tcairns@pszjlaw.com

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Jeffrey D. Pawlitz (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    patrick.nash@kirkland.com
         jeffrey.pawlitz@kirkland.com
         bradley.giordano@kirkland.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*