# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE, AND OTHER DATES, (C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN AND FOR FILING OBJECTIONS TO THE PLAN, (D) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS, AND (E) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (a) approving the Disclosure Statement,[2] (b) establishing the voting record date, voting deadline, and other related dates, (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan (as defined herein) and for filing objections to the Plan, (d) approving the manner and forms of notice and other related documents, and (e) granting other relief relating thereto as set forth herein. In support of this Motion, the Debtors respectfully state as follows.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code,* filed contemporaneously herewith (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement").

DOCKET # 21

DATE 5-5-14

1.     The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the District of Delaware,*

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this

Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a), 502,

1123(a), 1124, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C.

§§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3016, 3017, 3018, and 3020 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1,

3003-1, and 3017-1.

**Relief Requested**

4.     By this Motion, the Debtors seek entry of an order (the "Disclosure Statement

Order"), substantially in the form attached hereto as **Exhibit A**, granting the following relief and

such other relief as is just and proper:

> a.     **Disclosure Statement**:  approving the Disclosure Statement as containing
> "adequate information" pursuant to section 1125 of the Bankruptcy Code;

b. **Disclosure Statement Hearing Notice**: approving the manner and form of notice of the hearing to consider approval of the Disclosure Statement (the "Disclosure Statement Hearing" and the notice thereof, the "Disclosure Statement Hearing Notice"), substantially in the form attached to the Disclosure Statement Order as **Exhibit 1**;

c. **Ballots**: approving the Class 3 Ballots, the Class 4 Ballots, and the Class 5 Ballots (each as defined below and collectively, the "Ballots"), substantially in the forms attached to the Disclosure Statement Order as **Exhibits 2-A**, **2-B**, and **2-C**, respectively;

d. **Solicitation Packages**: finding that the solicitation materials and documents included in the solicitation packages (the "Solicitation Packages") that will be sent to, among others, Holders of Claims entitled to vote to accept or reject the Plan, comply with Bankruptcy Rules 3017(d) and 2002(b);

e. **Cover Letter**: approving the form of letter (the "Cover Letter") that the Debtors will send Holders of Claims entitled to vote to accept or reject the Plan urging such parties to vote in favor of the Plan, substantially in the form attached to the Disclosure Statement Order as **Exhibit 3**;

f. **Confirmation Hearing Notice**: approving the form and manner of notice of the hearing to consider Confirmation of the Plan (the "Confirmation Hearing," and the notice thereof, the "Confirmation Hearing Notice"), substantially in the form attached to the Disclosure Statement Order as **Exhibit 4**;

g. **Solicitation and Voting Procedures**: approving the procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to the Plan (the "Solicitation and Voting Procedures");

h. **Non-Voting Status Notices**: approving (i) the forms of notice applicable to Holders of Claims and Interests that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan and (ii) the forms of notice applicable to Holders of Claims and Interests that are Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan (each, a "Non-Voting Status Notice"), substantially in the forms attached to the Disclosure Statement Order as **Exhibit 5** and **Exhibit 6**, respectively;[3]

---

[3] Intercompany Claims and Intercompany Interests will either be Reinstated under the Plan or, at the option of the Debtors or Reorganized Debtors, cancelled, with no distribution made on account of the Intercompany Claims

(Continued...)

i.   **Notice of Proposed Cure Amount**:   approving the form of notice applicable to all parties to Executory Contracts and Unexpired Leases (the "Notice of Proposed Cure Amount"), substantially in the form attached to the Disclosure Statement Order as **Exhibit 7**; and

j.   **Confirmation Timeline**:  establishing the following dates and deadlines, subject to modification as necessary:

- **Voting Record Date**:   The date of the Disclosure Statement Hearing as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "Voting Record Date");[4]

- **Solicitation Deadline**:   On or about seven calendar days after entry of the Disclosure Statement Order as the deadline for distributing Solicitation Packages, including the Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline");

- **Publication Notice**: Not later than seven calendar days after entry of the Disclosure Statement Order as the last date by which the Debtors will submit the Confirmation Hearing Notice for publication;

- **Filing the Plan Supplement**: Not later than ten days before the Voting Deadline (as defined below), as the date by which the Debtors must file the Plan Supplement with the Court and serve parties entitled to notice in these chapter 11 cases with a notice that will (i) inform parties that the Debtors filed the Plan Supplement, (ii) list the information contained in the Plan Supplement, and (iii) explain how parties may obtain copies of the Plan Supplement;

---

or Intercompany Interests (as applicable). Thus, Holders of Intercompany Claims and Holders of Intercompany Interests will not be entitled to vote to accept or reject the Plan. Nevertheless, in light of the fact that the Intercompany Claims and Intercompany Interests are all held by the Debtors or affiliates of the Debtors, the Debtors are requesting a waiver from any requirement to serve such Holders of Intercompany Claims and Intercompany Interests.

[4]   The Debtors request that the Court establish the Voting Record Date for voting purposes only and that the Voting Record Date shall not affect who is entitled to receive distributions under the Plan.

- **Voting Deadline**: 5:00 p.m., prevailing Eastern Time, on or about 30 calendar days after the Solicitation Deadline as the deadline by which <u>all</u> Ballots must be properly executed, completed, and delivered so that they are **actually received** by Prime Clerk LLC (the "<u>Noticing Agent</u>") (the "<u>Voting Deadline</u>");

- **Plan Objection Deadline**: 4:00 p.m., prevailing Eastern Time, on or about 30 calendar days after the Solicitation Deadline as the deadline by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "<u>Plan Objection Deadline</u>");

- **Filing the Voting Report**: Not later than the third business day prior to the Confirmation Hearing Date (as defined below), as the date by which the Voting Report shall be filed with the Court;

- **Filing the Confirmation Brief**: Not later than the deadline to file the agenda for the hearing to consider Confirmation of the Plan, as the date by which the Debtors shall file their brief in support of Confirmation; and

- **Confirmation Hearing Date**: On or about seven calendar days after the Voting Deadline, at a time to be determined in consultation with the Court, as the date and time for the hearing at which the Court will consider Confirmation (the "<u>Confirmation Hearing Date</u>").

5.      On the Petition Date, the Debtors also filed the Plan and the Disclosure Statement. In accordance with section 1126 of the Bankruptcy Code, the Plan contemplates classifying Holders of Claims and Interests into certain Classes for all purposes, including with respect to voting to accept or reject the Plan, as follows:

| SUMMARY OF STATUS AND VOTING RIGHTS | | | |
|---|---|---|---|
| **Class** | **Claims and Interests** | **Status** | **Voting Rights** |
| Class 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 3 | First Lien Claims | Impaired | Entitled to Vote |
| Class 4 | Qualified Unsecured Trade Claims | Impaired | Entitled to Vote |
| Class 5 | General Unsecured Claims | Impaired | Entitled to Vote |

| SUMMARY OF STATUS AND VOTING RIGHTS | | | |
|---|---|---|---|
| Class | Claims and Interests | Status | Voting Rights |
| Class 6 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 7 | Intercompany Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept/Deemed to Reject) |
| Class 8 | Intercompany Interests | Unimpaired | Not Entitled to Vote (Presumed to Accept/Deemed to Reject) |
| Class 9 | Parent Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

6.     Based on the foregoing, (a) the Debtors will solicit votes to accept or reject the Plan from Holders of Claims in Classes 3, 4, and 5 (collectively, the "Voting Classes") and (b) the Debtors will not solicit votes from Holders of Claims in Classes 1, 2, 6, and 7 and Interests in Classes 8 and 9 (collectively, the "Non-Voting Classes").

## Background

7.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

**I.     Approval of the Disclosure Statement**

**A.     The Disclosure Statement Contains "Adequate Information," Satisfies All of the Requirements of Section 1125 of the Bankruptcy Code, and Should Be Approved**

8.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide holders of impaired claims and interests entitled to vote to accept

or reject the Plan "adequate information" regarding that plan. Section 1125(a)(1) of the Bankruptcy Code states, in relevant part:

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

9.     The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision whether to vote to accept or reject the plan. *See, e.g., Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization. *Century Glove*, 860 F.2d at 100.

10.     Courts within the Third Circuit and elsewhere acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court. *See, e.g., Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court"); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what

constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (internal citations omitted); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.3d 414, 417 (3d Cir. 1988) ("From the legislative history of section 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); *see also* S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 (stating that "the information required will necessarily be governed by the circumstances of the case").

11.     Case law under section 1125 of the Bankruptcy Code has produced a list of topics that a Court will look for in a proposed disclosure statement when evaluating the adequacy of the disclosures therein. Such topics include:

- the events which led to the filing of a bankruptcy petition;

- the relationship of the debtor with its affiliates;

- a description of the available assets and their value;

- the anticipated future of the company;

- the source of information stated in the disclosure statement;

- the present condition of the debtor while in chapter 11;

- claims asserted against the debtor;

- the estimated return to creditors under a chapter 7 liquidation;

- the future management of the debtor;

- the chapter 11 plan or a summary thereof;

- financial information, valuations, and projections relevant to the creditors' decision to accept or reject the chapter 11 plan;

- information relevant to the risks posed to creditors under the plan;

- the actual or projected realizable value from recovery of preferential or otherwise voidable transfers;

- litigation likely to arise in a nonbankruptcy context; and

- tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same). Disclosure regarding all topics is not necessary in every case. *See Brass*, 194 B.R. at 424.

  12. The Disclosure Statement contains the pertinent information necessary for the Holders of Claims entitled to vote to accept or reject the Plan to make informed decisions about whether to vote to accept or reject the Plan, including, among other things, the following key sections and information contained therein:

  a. **Executive Summary**: statement of the Debtors in support of the Plan, purpose and effect of the Plan (including the Restructuring Transactions effected thereunder), overview of the Classes of Claims and Interests and their respective treatment under the Plan, overview of the Solicitation and Voting Procedures and Confirmation and Consummation, including important dates with respect to voting on the Plan and objecting to the Confirmation, and a summary and explanation of the settlement, release, injunction, and exculpation provisions of the Plan;

  b. **Background to These Chapter 11 Cases**: the Debtors' corporate history and capital structure, an overview of their business operations, the Debtors' prepetition indebtedness, and certain events leading to the commencement of these chapter 11 cases;

  c. **Summary of the Plan**: Administrative Claims and Priority Tax Claims, the classification and treatment of Claims and Interests under the Plan, acceptance and rejection of the Plan, means for implementation of the

Plan, treatment of Executory Contracts and Unexpired Leases under the Plan, provisions governing distributions, the procedures for resolving contingent, unliquidated, and disputed Claims, conditions precedent to Confirmation and Consummation, settlement, release, injunction, and related provisions, and the binding nature of the Plan;

d.   **Confirmation and Consummation Procedures**:   procedures for soliciting votes to accept or reject the Plan, Confirmation procedures, and statutory requirements for Confirmation and Consummation;

e.   **Plan-Related Risk Factors**:  certain risk factors that may affect the Plan, the value of any securities to be issued under the Plan, and the Debtors' businesses as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement;

f.   **Alternatives to Confirmation and Consummation**:  liquidation under chapter 7 of the Bankruptcy Code, including the liquidation analysis or the filing of alternative plans of reorganization;

g.   **Exemptions From Securities Act Registration**:  the applicability of section 1145 of the Bankruptcy Code to the issuance of New Equity under the Plan;

h.   **Tax Consequences of the Plan**:  certain U.S. federal income tax law consequences of the Plan with respect to Holders of Allowed Claims and Allowed Interests and the Reorganized Debtors;

i.   **Financial Information**:   the Reorganized Debtors' projections and valuation; and

j.   **Recommendation**:  the Debtors' recommendation that Holders of Claims vote to accept the Plan.

13.   The Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides Holders of Claims entitled to vote to accept or reject the Plan with adequate information within the meaning of section 1125 of the Bankruptcy Code.

**B.** **The Disclosure Statement Hearing Notice Includes the Requisite Information and its Distribution to All Known Creditors Provides Adequate Notice of the Hearing**

14. Pursuant to Bankruptcy Rule 2002(b), debtors are required to provide 28 days' notice of the deadline to object to the adequacy of a disclosure statement. Fed. R. Bankr. P. 2002(b). In addition, pursuant to Bankruptcy Rule 2002(b) and 3017(a), debtors are required to provide 28 days' notice of the hearing to consider the adequacy of a disclosure statement, and Local Rule 3017-1 requires such hearing to be at least 35 days following service of the disclosure statement. Fed. R. Bankr. P. 2002(b), 3017(a); Del. Bankr. L.R. 3017-1.

15. Upon filing this Motion, the Debtors will serve all known creditors with a copy of the Disclosure Statement Hearing Notice, which identifies: (a) the date, time, and place of the Disclosure Statement Hearing; (b) the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) can be obtained; and (c) the deadline and procedures for filing objections to the approval of the Disclosure Statement. Additionally, the Debtors will distribute copies of the Disclosure Statement Hearing Notice and the Disclosure Statement, including exhibits, in paper format to parties entitled to notice.

16. Thus, all parties in interest will have had no fewer than 28 days' notice of the deadline to object to the approval of the Disclosure Statement and no fewer than 35 days' notice of the Disclosure Statement Hearing, in compliance with Bankruptcy Rules 2002(b), 3017(a), and Local Rule 3017-1.

17. Accordingly, the Debtors submit that they provided adequate notice of the Disclosure Statement Hearing and, therefore, request that the Court approve such notice as appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

## II.    Approval of the Solicitation and Voting Procedures

### A.    Establishing the Voting Record Date

18.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

19.    The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish the date of the Disclosure Statement Hearing (or if such hearing is not completed in one day, the first day of the Disclosure Statement Hearing) as the Voting Record Date for determining: (a) the Holders of Claims entitled to receive a Solicitation Package; (b) the Holders of Claims entitled to vote to accept or reject the Plan; and (c) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of such Claim. Moreover, the Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim *only if*: (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote to accept or reject the Plan made by the Holder of such Claim as of the Voting Record Date.

**B.  Establishing the Voting Deadline**

20.    Bankruptcy Rule 3017(c) provides that prior to approving the disclosure statement, the Court must fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation of the Plan.  *See* Fed R. Bankr. P. 3017(c).  The Debtors request that the Court establish 30 calendar days after the Solicitation Deadline as the deadline by which Ballots must be received by the Noticing Agent. The Debtors further request that the Court require that all Holders of Claims entitled to vote to accept or reject the Plan complete, execute, and return their Ballots with an original signature so that they are **actually received** by the Noticing Agent on or before the Voting Deadline.

**C.  Approval of the Forms of Ballots**

21.    In accordance with Bankruptcy Rule 3018(c), the Debtors have prepared and customized ballots for (a) Holders of Class 3 First Lien Claims (the "Class 3 Ballots"), (b) Holders of Class 4 Qualified Unsecured Trade Claims (the "Class 4 Ballots"), and (c) Holders of Class 5 General Unsecured Claims (the "Class 5 Ballots").  These forms of Ballots are based on Official Form No. 14, but have been modified to address the particular circumstances of these chapter 11 cases and the provisions of the Plan and to include certain additional information that is relevant and appropriate for Claims within any of the Voting Classes.   The forms of these Ballots are attached to the Disclosure Statement Order as **Exhibits 2-A**, **2-B**, and **2-C**, respectively.   The Debtors request the Court's approval of these forms of Ballots.

**D.  Distribution of Solicitation Packages to Parties Entitled to Vote to Accept or Reject the Plan**

22.    In accordance with Bankruptcy Rule 3017(d), which specifies the materials to be distributed to holders of allowed claims and allowed interests upon approval of a disclosure

statement, the Debtors submit that the materials listed below provide Holders of Claims entitled to vote to accept or reject the Plan with the information they need to be able to make informed decisions with respect to how to vote. Thus, on or prior to the Solicitation Deadline, which the Debtors propose to be seven calendar days after entry of the Disclosure Statement Order, the Debtors will cause to be distributed the Solicitation Packages by first-class U.S. mail to those Holders of Claims in the Voting Classes, including:

a.    the Cover Letter explaining the solicitation process and urging Holders of Claims in the Voting Classes to vote to accept the Plan;

b.    the Disclosure Statement (and the exhibits thereto, including the Plan);

c.    the Disclosure Statement Order (excluding the exhibits thereto);

d.    the Confirmation Hearing Notice;

e.    an appropriate Ballot (together with detailed voting instructions and a pre-addressed, postage prepaid return envelope); and

f.    such other materials as the Court may direct.

23.    The Debtors request that they be authorized, but not required, to distribute the Plan, the Disclosure Statement, and the Disclosure Statement Order to Holders of Claims entitled to vote to accept or reject the Plan in CD-ROM format. The Ballots, as well as the Cover Letter and the Confirmation Hearing Notice, will only be provided in paper format. Such distribution may translate into significant monetary savings to the Debtors' estates (the Plan, the Disclosure Statement, and the Disclosure Statement Order, collectively, total over 100 pages). Bankruptcy courts in this district have permitted debtors to transmit solicitation documents in CD-ROM format in other large chapter 11 cases in the interest of saving printing and mailing costs. *See, e.g.*, *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 10, 2013) (authorizing the debtors to transmit solicitation documents in CD-ROM format); *In re Pipeline Data Inc.*, No. 12-13123 (KJC) (Bankr. D. Del. Aug. 8, 2013)

(same); *In re Conexant Sys., Inc.*, No. 13-10367 (MFW) (Bankr. D. Del. Apr. 19, 2013) (same); *In re Neb. Book Co.*, No. 11-12005 (PJW) (Bankr. D. Del. Apr. 12, 2012) (same); *In re Appleseed's Intermediate Holdings, LLC*, No. 11-10160 (KG) (Bankr. D. Del. Mar. 1, 2011) (same); *In re OTC Holdings Corp.*, No. 10-12636 (BLS) (Bankr. D. Del. Nov. 1, 2010) (same).[5]

24.     Additionally, the Debtors will provide (a) complete Solicitation Packages (excluding any Ballot) to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and the applicable agents for the Debtors' prepetition and proposed postpetition secured lenders, and (b) the Disclosure Statement Order (excluding the exhibits thereto) and the Confirmation Hearing Notice to all parties who have filed requests for notices under Bankruptcy Rule 2002 as of the Voting Record Date. Any party who receives a CD-ROM, but who would prefer paper format, may contact the Noticing Agent and request paper copies of the corresponding materials previously received in CD-ROM format, which will then be provided at the Debtors' expense.

25.     The foregoing timing and materials afford Holders of Claims entitled to vote to accept or reject the Plan at least 28 days to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan prior to the Voting Deadline, consistent with the requirements of the applicable Bankruptcy Rules. *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of

---

[5]     Because of the voluminous nature of the orders cited in this Motion, such orders are not attached to the Motion. Copies of these orders are available on request to the Debtors' proposed counsel.

such plan may be filed, and any other information that the court may direct to certain holders of claims).

**E.      Notices Sent to Parties Not Entitled to Vote to Accept or Reject the Plan**

26.      Certain Holders of Claims and Interests are <u>not</u> entitled to vote to accept or reject the Plan.  As a result, such parties will <u>not</u> receive Solicitation Packages and, instead, will receive an appropriate form of Non-Voting Status Notice, if any, in lieu of solicitation materials.

     a.     **Unimpaired Claims – Conclusively Presumed to Accept**:  Claims in Classes 1 and 2 are Unimpaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, Holders of such Claims will receive a "Non-Voting Status Notice With Respect to Unimpaired Classes Conclusively Presumed to Accept the Plan" in lieu of a Solicitation Package.

     b.     **Impaired Claims – Deemed to Reject**:  Holders of Claims in Class 6 and 9 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan.  As such, Holders of such Claims and Interests will receive a "Non-Voting Status Notice With Respect to Impaired Classes Deemed to Reject the Plan" in lieu of a Solicitation Package.

     c.     **Intercompany Claims and Intercompany Interests**:  The Debtors propose not to provide the Holders of Intercompany Claims or Intercompany Interests (Classes 7 and 8, respectively) with a Solicitation Package or any other type of Notice.  At the election of the Debtors, the Intercompany Claims and Intercompany Interests will be either (i) Reinstated, Unimpaired, and therefore presumed to accept the Plan or (ii) cancelled, Impaired, and therefore deemed to reject the Plan.

     d.     **Counterparties to Executory Contracts and Unexpired Leases**:  To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of the proposed cure amount with respect to such Executory Contracts and Unexpired Leases, such counterparties will receive the Notice of Proposed Cure Amount.

27.      Each of the above-described Non-Voting Status Notices will describe, among other things:  (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Disclosure Statement Order, and all other materials in the Solicitation Package (<u>excluding</u> Ballots) from the Noticing Agent and/or the

Court's website via PACER; (b) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article VIII of the Plan; (c) notice of the Plan Objection Deadline; and (d) notice of the Confirmation Hearing Date and information related thereto.

28.     The Debtors believe that the mailing of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d). Thus, unless the Court orders otherwise, the Debtors do not intend to distribute Solicitation Packages to Holders of Claims and Interests in the Non-Voting Classes.

**F.      Approval of Voting and Tabulation Procedures**

(i)     <u>General Tabulation Procedures</u>

29.     The Debtors respectfully request that the Court approve the voting and tabulation procedures described herein, which are consistent with section 1126(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a). Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designed under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

30.     Only the Holders of Claims in the Voting Classes that are not subject to any pending objection as of the Voting Record Date are eligible to vote to accept or reject the Plan. The assignee of any transferred or assigned Claim may be permitted to vote such Claim if the transfer or assignment has been fully effectuated pursuant to Bankruptcy Rule 3001(e).

31.     The Debtors propose to use the following voting procedures and standard assumptions in tabulating Ballots (the "<u>Voting and Tabulation Procedures</u>"):

a. **Votes Not Counted**: The following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

   i. any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

   ii. any Ballot cast by an entity that (A) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan, (B) holds a Claim that is subject to a pending objection, (C) holds a Claim that is scheduled as contingent, disputed, or unliquidated in the Debtors' schedules and with respect to which no proof of claim (a "<u>Proof of Claim</u>") is properly filed before the Claims Bar Date, or (D) is not otherwise entitled to vote pursuant to the procedures described herein;

   iii. any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Noticing Agent) or the Debtors' financial or legal advisors;

   iv. any inconsistent duplicate Ballots that are simultaneously cast with respect to the same claim or interest;

   v. any Ballot transmitted to the Noticing Agent by facsimile, electronic mail, or other means not specifically approved herein;

   vi. any unsigned Ballot;

   vii. any Ballot that does not contain an original signature; or

   viii. any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan.

b. **Rejected Ballots**: Except as otherwise provided herein and subject to any contrary order of the Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall be entitled to reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation; *provided*, *however*, that the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

c. **Multiple Ballots**: If multiple Ballots are received by the Noticing Agent from the same Holder with respect to the same Claims prior to the voting deadline, the latest received, validly executed Ballot timely received shall count for voting purposes, subject to contrary order of the Court; *provided*, *however*, that in instances where ambiguity exists with respect to which

Ballot was the latest received, the Noticing Agent has the right to contact the relevant Holder to determine such Holder's intent and calculate the vote according thereto.

d. **No Vote-Splitting**: Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any such votes. Accordingly, any Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their sole and absolute discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

e. **Defective Ballots**: The Debtors, in their sole and absolute discretion, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; *provided, however*, that:

    i. any such waivers shall be documented in the Voting Report;

    ii. neither the Debtors, nor any other entity, will be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification; and

    iii. unless waived by the Debtors, in their sole and absolute discretion, subject to contrary order of the Court, any defects or irregularities associated with the delivery of Ballots must be cured prior to the Voting Deadline or the applicable Ballots will not be counted;

f. **Lack of Good Faith Designation**: In the event a designation for lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected by such Claim.

g. **Determination of Claim Amount**: The amount of each Allowed Claim attributed to Holders who duly submit votes to accept or reject the Plan will be as follows:

    i. the Claim amount settled and/or agreed upon by the Debtors (whether temporarily or otherwise), as reflected in a document filed with the Court, in an order of the Court, or in a document executed by the Debtors pursuant to authority granted by the Court;

ii.    absent the foregoing, the Claim amount contained in a Proof of Claim that has been timely filed by the Claims Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided, however,* that Ballots cast by Holders of Claims who timely file a Proof of Claim in respect of a contingent Claim <u>or</u> in a wholly-unliquidated or unknown amount that is not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and such a Ballot will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided further, however,* that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim;

iii.    absent the foregoing, the Claim amount listed in the Debtors' Schedules, *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and has not been paid; and

iv.    in the absence of any of the foregoing, zero, and the Vote shall not be counted.

32.    The Debtors believe that the foregoing Solicitation and Voting Procedures are appropriate and in compliance with the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules. The Debtors submit that they have shown good cause for the approval of the Solicitation and Voting Procedures and, therefore, request that the Court approve the Solicitation and Voting Procedures.

(ii)    <u>Returned Solicitation Packages and Notices</u>

33.    In compliance with Bankruptcy Rules 2002, 3017, and 9006, the Debtors will send the Disclosure Statement Hearing Notice to, among others, Holders of Claims in the Voting Classes. The Debtors anticipate that some of the notices of the Disclosure Statement Hearing that are sent to Holders of Claims may be returned by the United States Postal Service or other

carrier as undeliverable. The Debtors believe that it would be costly and wasteful to mail Solicitation Packages to the same addresses to which undeliverable notices of the Disclosure Statement Hearing were mailed. Therefore, the Debtors seek the Bankruptcy Court's approval for a departure from the strict notice rule requiring the Debtors to mail Solicitation Packages to those Entities listed at such addresses, unless the Debtors, through the Noticing Agent (as a result of such Entity writing to GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022), are provided with accurate addresses for such Entities not less than ten calendar days prior to the Solicitation Date. If a Holder of a Claim or Interest has changed its mailing address after the Petition Date, the burden should be on the Holder—not the Debtors—to advise the Noticing Agent and the Debtors of the new address.

(iii)    Non-Substantive or Immaterial Modification

34.    The Debtors request authorization to make non-substantive or immaterial changes to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

**G.    Establishing Confirmation Hearing Date, Notice, and Objection Procedures**

35.    In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code (requiring a confirmation hearing with respect to any chapter 11 plan), the Debtors request that the Court establish the Plan Objection Deadline on or about 30 calendar days after the Solicitation Deadline and set the Confirmation Hearing Date for on or about seven calendar days after the Plan Objection Deadline; *provided, however,* that the Confirmation Hearing may be continued from time to time by the Debtors or by the Court without further notice to parties in

interest other than such adjournment announced in open court and/or a notice of adjournment filed by the Debtors and posted on the Debtors' restructuring website at http://cases.primeclerk.com/gse.

36.     Bankruptcy Rules 2002(b) and (d) require no less than 28 days' notice to all holders of claims of the time fixed for filing objections to the hearing on confirmation of a chapter 11 plan.  To satisfy this requirement, the Debtors will serve the Confirmation Hearing Notice on all known Holders of Claims and Interests (except Intercompany Claims and Intercompany Interests) and the parties entitled to notice in these chapter 11 cases (regardless of whether such parties are entitled to vote to accept or reject the Plan) by the Solicitation Deadline, which will provide all parties in interest at least 28 days' notice of the Plan Objection Deadline and the Confirmation Hearing.   The Confirmation Hearing Notice will include, without limitation:   (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Disclosure Statement Order, and all other materials in the Solicitation Package (excluding Ballots) from the Noticing Agent, the Debtors' restructuring website, and the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the date by which the Debtors will file the Plan Supplement; (d) notice of the Plan Objection Deadline; and (e) notice of the Confirmation Hearing Date and information related thereto.

37.     In addition to the foregoing distribution of the Confirmation Hearing Notice, the Debtors will submit the Confirmation Hearing Notice for publication (in a format modified for publication) in the *Wall Street Journal* (National Edition) on a date that is no less than 28 days before the Plan Objection Deadline.

38. Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice." Fed. R. Bankr. P. 2002(l). The Debtors believe that publication of the Confirmation Hearing Notice will provide sufficient notice of, among other things, the entry of the Disclosure Statement Order, the Voting Deadline, the Plan Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by mail. Service and publication of the Confirmation Hearing Notice comports with the requirements of Bankruptcy Rule 2002.

39. The Debtors also request that the Court direct the manner in which parties in interest may object to Confirmation. Pursuant to Bankruptcy Rule 3020(b)(l), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1). The Confirmation Hearing Notice will require that objections to Confirmation or requests for modifications to the Plan, if any, must:

    a.    be in writing;

    b.    conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court;

    c.    state the name and address of the objecting party and the amount and nature of the Claim or Interest of such Entity;

    d.    state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

    e.    be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by the notice parties identified in the Confirmation Hearing Notice on or prior to the Plan Objection Deadline.

40. The Debtors believe that the Plan Objection Deadline for filing and service of objections (and proposed modifications, if any) will afford the Court, the Debtors, and other parties in interest reasonable time to consider the objections and proposed modifications prior to the Confirmation Hearing.

## Notice

41.    The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 25 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' first lien credit facility; (d) counsel to the administrative agent; (e) local counsel to the administrative agent; (f) the first lien credit facility lenders; (g) counsel to the first lien credit facility lenders; (h) local counsel to the first lien credit facility lenders; (i) the United States Environmental Protection Agency; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the office of the attorneys general for the states in which the Debtors operate; (m) the Securities and Exchange Commission; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

42.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Wilmington, Delaware

Dated: May 4, 2014

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Jeffrey D. Pawlitz (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          patrick.nash@kirkland.com
                jeffrey.pawlitz@kirkland.com
                bradley.giordano@kirkland.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Disclosure Statement Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Re: Docket No. __ |

## ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE, AND OTHER DATES, (C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN AND FOR FILING OBJECTIONS TO THE PLAN, (D) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS, AND (E) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Disclosure Statement Order"), (a) approving the Disclosure Statement, (b) establishing the Voting Record Date (defined below), Voting Deadline (defined below), and other dates, (c) approving the Solicitation and Voting Procedures, (d) approving the manner and forms of notices and other related documents, and (e) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

**I.     Approval of the Disclosure Statement and Notice of Hearing**

2.     The Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code as providing Holders of Claims entitled to vote to accept or reject the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.     The Disclosure Statement Hearing Notice, attached hereto as **Exhibit 1**, filed by the Debtors and served upon parties in interest in these chapter 11 cases on [May 6], 2014, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in

satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

4.       The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan (including the third-party release set forth in Article VIII.E of the Plan), in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## II.       Approval of the Timeline for Soliciting Votes, Voting on the Plan, and for Filing Objections to the Plan

5.       The following dates are hereby established (subject to modification as needed) with respect to the solicitation of votes to accept the Plan, voting on the Plan, objecting to the Plan, and Confirmation:

a.       **Voting Record Date**: [June 11], 2014 is the date as of which the Debtors shall determine: (i) which Holders of Claims are entitled to vote to accept or reject the Plan (*i.e.*, except as otherwise provided in the Solicitation and Voting Procedures, only Holders of Claims as of this date are entitled to vote to accept or reject the Plan) and (ii) whether Claims have been properly assigned or transferred pursuant to Bankruptcy Rule 3001(e) such that the assignee may vote as the Holder of the Claim (the "Voting Record Date");

b.       **Solicitation Deadline**: The Debtors shall distribute Solicitation Packages to Holders of Claims entitled to vote to accept or reject the Plan no later than [June 18], 2014 (the "Solicitation Deadline");

c.       **Publication Notice**: The Debtors shall submit the Confirmation Hearing Notice for publication (in a format modified for publication, as necessary) on one occasion not later than [June 18], 2014, in the publication named in the Motion;

d.       **Filing of the Plan Supplement**: The Debtors shall file the Plan Supplement with the Court and serve a notice upon parties entitled to notice in these chapter 11 cases which will (i) inform parties that the Debtors filed the Plan Supplement, (ii) list the information contained in the Plan Supplement, and (iii) explain how parties may obtain copies of

the Plan Supplement no later than [July 8], 2014, or ten calendar days before the Voting Deadline;

e. **Voting Deadline**: All Holders of Claims entitled to vote to accept or reject the Plan and who choose to vote to accept or reject the Plan must properly execute, complete, and deliver their respective Ballots so that they are **actually received** by the Debtors' Noticing Agent on or before [July 18], 2014 at 5:00 p.m., prevailing Eastern Time (the "Voting Deadline");

f. **Plan Objection Deadline**: Objections, if any, to the Confirmation of the Plan must be filed with the Court and served upon the Notice Parties (defined below) in accordance with the Solicitation and Voting Procedures set forth in the Motion such that they are **actually received** on or before [July 18], 2014 at 4:00 p.m., prevailing Eastern Time (the "Plan Objection Deadline");

g. **Filing of the Voting Report**: The Voting Report must be filed with the Court no later than the third business day prior to the Confirmation Hearing Date;

h. **Filing of the Confirmation Brief**: The Debtors' reply brief in support of Confirmation of the Plan must be filed with the Court no later than the deadline to file an agenda for the Confirmation Hearing (as defined below); and

i. **Confirmation Hearing Date**: The hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence at ___:00 ___.m., prevailing Eastern Time, on [July 25], 2014 (the "Confirmation Hearing Date").

## III. Approval of Solicitation Materials and Solicitation Packages

6. In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Disclosure Statement Order (once entered, excluding the exhibits thereto), the solicitation materials (the "Solicitation Packages") to be transmitted on or before the Solicitation Deadline to those Holders of Claims and Interests in the Voting Classes entitled to vote to accept or reject the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a. the Class 3 Ballots, Class 4 Ballots, and Class 5 Ballots, substantially in the forms attached hereto as **Exhibit 2-A**, **2-B**, and **2-C**, respectively, and incorporated by reference herein;[3]

b. the cover letter from the Debtors (the "Cover Letter") to Holders of Claims in the Voting Classes urging such parties to vote in favor of the Plan, substantially in the form attached hereto as **Exhibit 3** and incorporated by reference herein; and

c. the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 4** and incorporated by reference herein.

7. The Solicitation Packages provide Holders of Claims entitled to vote to accept or reject the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

## IV. Approval of the Solicitation and Voting Procedures

8. The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Voting and Tabulation Procedures fully set forth herein, which are hereby approved in their entirety; *provided, however*, that the Debtors reserve the right to amend or supplement the Solicitation and Voting Procedures set forth in the Motion and this Order where, in the Debtors' best judgment, doing so would better facilitate the solicitation process.

9. The Debtors are authorized to use the following Voting and Tabulation Procedures:

a. **Votes Not Counted**: The following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

---

[3] The Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same voting Class, receive no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

i.      any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

ii.     any Ballot cast by an entity that (A) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan, (B) holds a Claim that is subject to a pending objection, (C) holds a Claim that is scheduled as contingent, disputed, or unliquidated in the Debtors' schedules and with respect to which no Proof of Claim is properly filed before the Claims Bar Date, or (D) is not otherwise entitled to vote pursuant to the procedures described herein;

iii.    any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Noticing Agent) or the Debtors' financial or legal advisors;

iv.     any inconsistent duplicate Ballots that are simultaneously cast with respect to the same claim or interest;

v.      any Ballot transmitted to the Noticing Agent by facsimile, electronic mail, or other means not specifically approved herein;

vi.     any unsigned Ballot;

vii.    any Ballot that does not contain an original signature; or

viii.   any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan.

b.      **Rejected Ballots**:  Except as otherwise provided herein and subject to any contrary order of the Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall be entitled to reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation; *provided, however*, that the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

c.      **Multiple Ballots**:  If multiple Ballots are received by the Noticing Agent from the same Holder with respect to the same Claims prior to the voting deadline, the latest received, validly executed Ballot timely received shall count for voting purposes, subject to contrary order of the Court; *provided, however*, that in instances where ambiguity exists with respect to which Ballot was the latest received, the Noticing Agent has the right to contact the relevant Holder to determine such Holder's intent and calculate the vote according thereto.

d.   **No Vote-Splitting**:   Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any such votes.   Accordingly, any Ballot that partially rejects and partially accepts the Plan will not be counted.   Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their sole and absolute discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

e.   **Defective Ballots**:   The Debtors, in their sole and absolute discretion, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; *provided, however*, that:

  i.   any such waivers shall be documented in the Voting Report;

  ii.   neither the Debtors, nor any other entity, will be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification; and

  iii.   unless waived by the Debtors, in their sole and absolute discretion, subject to contrary order of the Court, any defects or irregularities associated with the delivery of Ballots must be cured prior to the Voting Deadline or the applicable Ballots will <u>not</u> be counted;

f.   **Lack of Good Faith Designation**:   In the event a designation for lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected by such Claim.

g.   **Determination of Claim Amount**:   The amount of each Allowed Claim attributed to Holders who duly submit votes to accept or reject the Plan will be as follows:

  v.   the Claim amount settled and/or agreed upon by the Debtors (whether temporarily or otherwise), as reflected in a document filed with the Court, in an order of the Court, or in a document executed by the Debtors pursuant to authority granted by the Court;

  vi.   absent the foregoing, the Claim amount contained in a Proof of Claim that has been timely filed by the Claims Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided, however*, that Ballots cast by Holders of Claims who timely file a Proof of Claim in respect of a contingent

Claim <u>or</u> in a wholly-unliquidated or unknown amount that is not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and such a Ballot will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided further, however*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim;

vii.     absent the foregoing, the Claim amount listed in the Debtors' Schedules, *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and has not been paid; and

viii.    in the absence of any of the foregoing, zero, and the Vote shall not be counted.

10.     The Debtors shall cause to be distributed Solicitation Packages to all Holders of Claims entitled to vote to accept or reject the Plan in accordance with the Motion in satisfaction of the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

11.     The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and this Disclosure Statement Order to Holders of Claims entitled to vote to accept or reject the Plan in CD-ROM format. The Ballots, as well as the Cover Letter and the Confirmation Hearing Notice, will <u>only</u> be provided in paper.

12.     On or before the Solicitation Deadline, the Debtors shall provide (a) complete Solicitation Packages (excluding any Ballot) to the Office of the United States Trustee for the District of Delaware and the applicable agent for the Debtors' prepetition and proposed postpetition secured lenders and (b) this Disclosure Statement Order (excluding the exhibits

hereto) and the Confirmation Hearing Notice to all parties who have filed requests for notices under Bankruptcy Rule 2002 as of the Voting Record Date.

13.     Any party who receives a CD-ROM, but who would prefer paper format, may contact the Noticing Agent and request paper copies of the corresponding materials previously received in CD-ROM format, which will then be provided at the Debtors' expense.

14.     Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims in Non-Voting Classes, as such Holders are not entitled to vote to accept or reject the Plan.  Instead, on or before the Solicitation Deadline, the Noticing Agent shall mail (first-class postage prepaid) parties who are not entitled to vote to accept or reject the Plan the following notice of non-voting status in lieu of Solicitation Packages, the form of each of which is hereby approved:

> a.     Holders of Claims in Classes 1 and 2, which are Unimpaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan, shall receive the notice substantially in the form attached hereto as **Exhibit 5** and incorporated by reference herein;
>
> b.     Holders of Claims Class 6 who are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan, shall receive the notice substantially in the form attached hereto as **Exhibit 6** and incorporated by reference herein; and
>
> c.     Counterparties to the Debtors' Executory Contracts and Unexpired Leases shall receive the notice substantially in the form attached hereto as **Exhibit 7** and incorporated by reference herein.

15.     The Debtors are not required to mail Solicitation Packages or other solicitation materials to:  (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court;  or  (b) Holders of Intercompany Claims and Intercompany Interests.

16.     The Debtors shall be excused from mailing Solicitation Packages to those Entities to whom the Debtors mailed a notice regarding the Disclosure Statement Hearing and received a notice from the United States Postal Service or other carrier that such notice was undeliverable unless such Entity provides the Debtors, through the Noticing Agent, an accurate address not less than ten calendar days prior to the Solicitation Date. If an Entity has changed its mailing address after the Petition Date, the burden is on such Entity, not the Debtors, to advise the Debtors and the Noticing Agent of the new address.

17.     All votes to accept or reject the Plan must be <u>clearly</u> set forth on the appropriate Ballot, each of which must be properly executed, completed, and delivered in accordance with and pursuant to the Solicitation and Voting Procedures set forth in the Motion (the applicable provisions of which are also included in the instructions accompanying each Ballot) so that all Ballots are **actually received** on or before the Voting Deadline by the Noticing Agent.

18.     Any Ballots submitted other than in complete compliance with the Solicitation and Voting Procedures or received <u>after</u> the Voting Deadline may be counted only in the sole and absolute discretion of the Debtors.

19.     Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Disclosure Statement Order. Specifically, all objections to Confirmation of the Plan or requests for modifications to the Plan, if any, must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such Entity; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service,

with the Court and served so that it is **actually received** on or prior to the Plan Objection Deadline by the following parties (collectively, the "Notice Parties"):

| |
|---|
| **KIRKLAND & ELLIS LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attention: Patrick J. Nash, Jr., P.C., Jeffrey D. Pawlitz, and Bradley Thomas Giordano<br>Email addresses: patrick.nash@kirkland.com, jeffrey.pawlitz@kirkland.com, and<br>bradley.giordano@kirkland.com<br><br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Attention: Laura Davis Jones and Timothy P. Cairns<br>Email address: ljones@pszjlaw.com and tcairns@pszjlaw.com<br><br>*Proposed Co-Counsel for the*<br>*Debtors and Debtors in Possession* |
| **WACHTELL, LIPTON, ROSEN & KATZ LLP**<br>51 West 52nd Street<br>New York, New York 10019<br>Attention: Scott K. Charles and Emily D. Johnson<br>E-mail addresses: SKCharles@wlrk.com and EDJohnson@wlrk.com<br><br>*Counsel to the Consenting Lenders* |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attention: Tiarra N.A. Patton<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801 |

20.     Nothing in this Disclosure Statement Order shall be construed as a waiver of the right of the Debtors or other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

21.     All time periods set forth in this Disclosure Statement Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Disclosure Statement Order in accordance with the Motion.

23.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Disclosure Statement Order are immediately effective and enforceable upon its entry.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Disclosure Statement Order.

Dated: _____, 2014
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Disclosure Statement Hearing Notice

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | Case No. 14-11126 (___) |
| Debtors. | (Joint Administration Requested) |

## NOTICE OF DISCLOSURE STATEMENT HEARING

### TO ALL HOLDERS OF CLAIMS AND INTERESTS AND PARTIES IN INTEREST:

**PLEASE TAKE NOTICE THAT** on [May 4], 2014, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed (i) the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "Plan") and (ii) the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement").[2]

**PLEASE TAKE FURTHER NOTICE THAT** a hearing will held before the Honorable [_____], United States Bankruptcy Judge, on [_____], 2014, at [___] prevailing Eastern Time, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), 824 Market Street, 6th Floor, Courtroom No. [__], Wilmington, Delaware 19801-3024 (the "Disclosure Statement Hearing"), to consider the entry of an order approving, among other things, (i) the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code, (ii) procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan, and (iii) [_____] as the voting record date for determining Holders of Claims and Interests that are eligible to vote on the Plan. Please be advised that the Disclosure Statement Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Disclosure Statement and Plan may be obtained from (a) the Noticing Agent at no charge by: (i) accessing the Debtors'

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement.

restructuring website with the Noticing Agent at http://cases.primeclerk.com/gse; (ii) writing to the Noticing Agent at GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022; (iii) calling the Noticing Agent at (844) 205-4335; or (iv) emailing gseballots@primeclerk.com; or (b) for a fee via PACER at http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, to the adequacy of the Disclosure Statement or the relief sought in connection therewith must: (i) be made in writing; (ii) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Bankruptcy Court; (iii) state with particularity the legal and factual basis for the objection; and (iv) be filed with the Bankruptcy Court (contemporaneously with a proof of service), and served upon the following parties so as to be **actually received** by each of following parties on or before [     ], **2014, at 4:00 p.m. (prevailing Eastern Time)**:

---

**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Attention: Patrick J. Nash, Jr., P.C., Jeffrey D. Pawlitz, and Bradley Thomas Giordano
Email addresses: patrick.nash@kirkland.com, jeffrey.pawlitz@kirkland.com, and
bradley.giordano@kirkland.com

**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Attention: Laura Davis Jones and Timothy P. Cairns
Email address: ljones@pszjlaw.com and tcairns@pszjlaw.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*

---

**WACHTELL, LIPTON, ROSEN & KATZ LLP**
51 West 52nd Street
New York, New York 10019
Attention: Scott K. Charles and Emily D. Johnson
E-mail addresses: SKCharles@wlrk.com and EDJohnson@wlrk.com

*Counsel to the Consenting Lenders*

---

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attention: Tiarra N.A. Patton
844 King Street, Suite 2207, Lockbox 35
Wilmington, Delaware 19801

---

Wilmington, Delaware

Dated: _____, 2014

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:          ljones@pszjlaw.com
                   tcairns@pszjlaw.com

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Jeffrey D. Pawlitz (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          patrick.nash@kirkland.com
                   jeffrey.pawlitz@kirkland.com
                   bradley.giordano@kirkland.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*

# EXHIBIT 2-A

## Class 3 Ballots

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## BALLOT FOR VOTING TO
## ACCEPT OR REJECT THE DEBTORS' JOINT PLAN OF
## REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

### CLASS 3 BALLOT FOR HOLDERS OF FIRST LIEN CLAIMS

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
<u>ACTUALLY RECEIVED</u>
BY THE NOTICING AGENT BY 5:00 P.M., PREVAILING EASTERN TIME, ON
[_____], 2014 (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE
FOLLOWING:**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "<u>Plan</u>") as set forth in the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "<u>Disclosure Statement</u>"). The Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [_____], 2014 (the "<u>Disclosure Statement Order</u>"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 3 Ballot because you are a Holder of a First Lien Claim in Class 3, as of the Voting Record Date ([____], 2014). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Class 3 Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) the Noticing Agent at no charge by: (i) accessing the Debtors' restructuring website with the Noticing Agent at http://cases.primeclerk.com/gse; (ii) writing to the Noticing Agent at GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022; (iii) calling the Noticing Agent at (844) 205-4335; or (iv) emailing gseballots@primeclerk.com; or (b) for a fee via PACER at http://www.deb.uscourts.gov.

This Class 3 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 3 Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Noticing Agent immediately at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3, First Lien Claims, under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

**Item 1.**     **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of First Lien Claims in the following aggregate unpaid amount (insert amount in box below):

$$\boxed{\$\underline{\qquad\qquad}}$$

**Item 2.**     **Vote on Plan.**

The Holder of the First Lien Claims against the Debtors set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

# IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

## Article VIII.E of the Plan contains the following provision:

Except as provided in the last sentence of Article VIII.E of the Plan, as of the Effective Date, each Holder of a Claim or an Interest in the Debtors, except to the extent that such Holder either voted to reject the Plan or is classified in a Class that is deemed to reject the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Third Party Releasees from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether for tort, fraud, contract, violations of federal or state securities laws, or otherwise, including any derivative Claims, asserted on behalf of a debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Non-Filers, the Debtors' restructuring, the chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the related Disclosure Statement, the related Plan Supplement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Third Party Releasees; (2) a good faith settlement and compromise of the Claims released by Article VIII.E of the Plan; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any Entity granting a Third Party Release from asserting any claim or Cause of Action released pursuant to the Third Party Release.

**Item 4.**       **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(i)     that either:  (A) the Entity is the Holder of the First Lien Claims being voted; or (B) the Entity is an authorized signatory for an Entity that is a Holder of the First Lien Claims being voted;

(ii)    that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(iii)   that the Entity has cast the same vote with respect to all First Lien Claims in a single Class; and

(iv)    that no other Class 3 Ballots with respect to the amount of the First Lien Claims identified in Item 1 have been cast or, if any other Class 3 Ballots have been cast with respect to such First Lien Claims, then any such earlier Class 3 Ballots are hereby revoked.

| Name of Holder: | |
|---|---|
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) <u>PROMPTLY</u> IN THE ENVELOPE
PROVIDED OR VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND
DELIVERY TO:**

**GSE Environmental, Inc., *et al.* Ballot Processing
c/o Prime Clerk LLC
830 Third Avenue, 9th Floor
New York, New York 10022**

IF THE NOTICING AGENT DOES NOT <u>**ACTUALLY RECEIVE**</u> THIS CLASS 3 BALLOT
ON OR BEFORE 5:00 P.M., PREVAILING EASTERN TIME, ON [___], 2014 (AND IF
THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS
CLASS 3 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN
ONLY IN THE SOLE AND ABSOLUTE DISCRETION OF THE DEBTORS.

| Class 3 — First Lien Claims |
|:---:|

## INSTRUCTIONS FOR COMPLETING THIS CLASS 3 BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Class 3 Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 3 Ballot.

2. **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement for more information.**

3. To ensure that your Class 3 Ballot is counted, you <u>must</u>: (a) complete your Class 3 Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 3 Ballot; <u>and</u> (c) clearly sign and return your original Class 3 Ballot in the enclosed pre-addressed envelope or via first class mail, overnight courier, or hand delivery to GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022, in accordance with paragraph 4 directly below.

4. **<u>Return of Ballots</u>**: Your Class 3 Ballot MUST be returned to the Noticing Agent so as to be **<u>actually received</u>** by the Noticing Agent on or before the Voting Deadline, which is 5:00 p.m., prevailing Eastern Time, on [_____].

5. If a Class 3 Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Class 3 Ballots will <u>NOT</u> be counted**:

    a. any Class 3 Ballot that partially rejects and partially accepts the Plan;

    b. Class 3 Ballots sent to the Debtors, the Debtors' agents (other than the Noticing Agent), any indenture trustee, or the Debtors' financial or legal advisors;

    c. Class 3 Ballots sent by facsimile, e-mail, or any other electronic means;

    d. any Class 3 Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

    e. any Class 3 Ballot cast by an Entity that does not hold a Claim in Class 3;

    f. any unsigned Class 3 Ballot;

    g. any non-original Class 3 Ballot; and/or

    h. any Class 3 Ballot not marked to accept or reject the Plan or any Class 3 Ballot marked both to accept and reject the Plan.

6

6.  The method of delivery of Class 3 Ballots to the Noticing Agent is at the election and risk of each Holder of a First Lien Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Noticing Agent **actually receives** the originally executed Class 3 Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

7.  If multiple Class 3 Ballots are received from the same Holder of a First Lien Claim with respect to the same First Lien Claim prior to the Voting Deadline, the latest, timely received and properly completed Class 3 Ballot will supersede and revoke any earlier received Class 3 Ballots.

8.  You must vote all of your First Lien Claims within Class 3 either to accept or reject the Plan and may not split your vote. Further, if a Holder has multiple First Lien Claims within Class 3, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple First Lien Claims within Class 3 for the purpose of counting votes.

9.  This Class 3 Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

10. Please be sure to sign and date your Class 3 Ballot. If you are signing a Class 3 Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 3 Ballot.

11. If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each Ballot votes only your Claims indicated on that ballot, so please complete and return each Ballot that you received.

### PLEASE MAIL YOUR CLASS 3 BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT: (844) 205-4335.**

---

**IF THE NOTICING AGENT DOES NOT ACTUALLY RECEIVE THIS CLASS 3 BALLOT CONTAINING ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M., PREVAILING EASTERN TIME, ON [_____] (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE SOLE AND ABSOLUTE DISCRETION OF THE DEBTORS.**

---

**EXHIBIT 2-B**

**Class 4 Ballot**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | Case No. 14-11126 (___) |
| Debtors. | (Joint Administration Requested) |

BALLOT FOR VOTING TO
ACCEPT OR REJECT THE DEBTORS' JOINT PLAN OF
REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

**CLASS 4 BALLOT FOR HOLDERS OF QUALIFIED UNSECURED TRADE CLAIMS**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
<u>ACTUALLY RECEIVED</u>
BY THE NOTICING AGENT BY 5:00 P.M., PREVAILING EASTERN TIME, ON
[_____], 2014 (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE
FOLLOWING:

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "Disclosure Statement"). The Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [_____], 2014 (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 4 Ballot because you are a Holder of a Qualified Unsecured Trade Claim in Class 4, as of the Voting Record Date ([___], 2014). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Class 4 Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) the Noticing Agent at no charge by: (i) accessing the Debtors' restructuring website with the Noticing Agent at http://cases.primeclerk.com/gse; (ii) writing to the Noticing Agent at GSE Environmental, Inc., _et al._ Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022; (iii) calling the Noticing Agent at (844) 205-4335; or (iv) emailing gseballots@primeclerk.com; or (b) for a fee via PACER at http://www.deb.uscourts.gov.

This Class 4 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 4 Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Noticing Agent immediately at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 4, Qualified Unsecured Trade Claims, under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

**Item 1.**      **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Qualified Unsecured Trade Claims in the following aggregate unpaid amount (insert amount in box below):

$$\boxed{\$\underline{\hspace{3cm}}}$$

**Item 2.**      **Vote on Plan.**

The Holder of the Qualified Unsecured Trade Claims against the Debtors and its affiliates set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

## IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

**Article VIII.E of the Plan contains the following provision:**

Except as provided in the last sentence of Article VIII.E of the Plan, as of the Effective Date, each Holder of a Claim or an Interest in the Debtors, except to the extent that such Holder either voted to reject the Plan or is classified in a Class that is deemed to reject the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Third Party Releasees from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether for tort, fraud, contract, violations of federal or state securities laws, or otherwise, including any derivative Claims, asserted on behalf of a debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Non-Filers, the Debtors' restructuring, the chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the related Disclosure Statement, the related Plan Supplement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Third Party Releasees; (2) a good faith settlement and compromise of the Claims released by Article VIII.E of the Plan; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any Entity granting a Third Party Release from asserting any claim or Cause of Action released pursuant to the Third Party Release.

**Item 3.**    **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

    (i)    that either: (A) the Entity is the Holder of the Qualified Unsecured Trade Claims being voted; or (B) the Entity is an authorized signatory for an Entity that is a Holder of the Qualified Unsecured Trade Claims being voted;

    (ii)    that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

    (iii)    that the Entity has cast the same vote with respect to all Qualified Unsecured Trade Claims in a single Class; and

    (iv)    that no other Class 4 Ballots with respect to the amount of the Qualified Unsecured Trade Claims identified in Item 1 have been cast or, if any other Class 4 Ballots have been cast with respect to such Qualified Unsecured Trade Claims, then any such earlier Class 4 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS CLASS 4 BALLOT AND RETURN IT (WITH AN ORIGINAL SIGNATURE) <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED OR VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**GSE Environmental, Inc.,** *et al.* **Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 9th Floor**
**New York, New York 10022.**

---

IF THE NOTICING AGENT DOES NOT **<u>ACTUALLY RECEIVE</u>** THIS CLASS 4 BALLOT ON OR BEFORE 5:00 P.M., PREVAILING EASTERN TIME, ON [___], 2014 (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 4 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE SOLE AND ABSOLUTE DISCRETION OF THE DEBTORS.

---

| Class 4 — Qualified Unsecured Trade Claims |
| :---: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Class 4 Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 4 Ballot.

2. **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement for more information.**

3. To ensure that your vote is counted, you <u>must</u>: (a) complete your Class 4 Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 4 Ballot; <u>and</u> (c) clearly sign and return your original Class 4 Ballot in the enclosed pre-addressed envelope or via first class mail, overnight courier, or hand delivery to GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022 in accordance with paragraph 4 directly below.

4. **Return of Class 4 Ballots**: Your Class 4 Ballot MUST be returned to the Noticing Agent so as to be **actually received** by the Noticing Agent on or before the Voting Deadline, which is 5:00 p.m., prevailing Eastern Time, on [_____].

5. If a Class 4 Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Class 4 Ballots will <u>NOT</u> be counted**:

   a. any Class 4 Ballot that partially rejects and partially accepts the Plan;

   b. Class 4 Ballots sent to the Debtors, the Debtors' agents (other than the Noticing Agent), any indenture trustee, or the Debtors' financial or legal advisors;

   c. Class 4 Ballots sent by facsimile, e-mail, or any other electronic means;

   d. any Class 4 Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

   e. any Class 4 Ballot cast by an Entity that does not hold a Claim in Class 4;

   f. any unsigned Class 4 Ballot;

   g. any non-original Class 4 Ballot; and/or

   h. any Class 4 Ballot not marked to accept or reject the Plan or any Class 4 Ballot marked both to accept and reject the Plan.

6

6. The method of delivery of Class 4 Ballots to the Noticing Agent is at the election and risk of each Holder of a Qualified Unsecured Trade Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Noticing Agent **actually receives** the originally executed Class 4 Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

7. If multiple Class 4 Ballots are received from the same Holder of a Qualified Unsecured Trade Claim with respect to the same Qualified Unsecured Trade Claim prior to the Voting Deadline, the latest, timely received and properly completed Class 4 Ballot will supersede and revoke any earlier received Class 4 Ballots.

8. You must vote all of your Qualified Unsecured Trade Claims within Class 4 either to accept or reject the Plan and may <u>not</u> split your vote. Further, if a Holder has multiple Qualified Unsecured Trade Claims within Class 4, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Qualified Unsecured Trade Claims within Class 4 for the purpose of counting votes.

9. This Class 4 Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

10. <u>Please be sure to sign and date your Class 4 Ballot.</u> If you are signing a Class 4 Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 4 Ballot.

11. If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each Ballot votes <u>only</u> your Claims indicated on that ballot, so please complete and return each Ballot that you received.

<div align="center">

**PLEASE MAIL YOUR CLASS 4 BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 4 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT: (844) 205-4335.**

</div>

---

**IF THE NOTICING AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS CLASS 4 BALLOT CONTAINING ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M., PREVAILING EASTERN TIME, ON [_____] (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE SOLE AND ABSOLUTE DISCRETION OF THE DEBTORS.**

---

**EXHIBIT 2-C**

**Class 5 Ballot**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## BALLOT FOR VOTING TO
## ACCEPT OR REJECT THE DEBTORS' JOINT PLAN OF
## REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

### CLASS 5 BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
<u>ACTUALLY RECEIVED</u>
BY THE NOTICING AGENT BY 5:00 P.M., PREVAILING EASTERN TIME, ON
[_____], 2014 (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE
FOLLOWING:**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "<u>Plan</u>") as set forth in the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "<u>Disclosure Statement</u>"). The Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [_____], 2014 (the "<u>Disclosure Statement Order</u>"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 5 Ballot because you are a Holder of a General Unsecured Claim in Class 5, as of the Voting Record Date ([___], 2014). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Class 5 Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) the Noticing Agent at no charge by: (i) accessing the Debtors' restructuring website with the Noticing Agent at http://cases.primeclerk.com/gse; (ii) writing to the Noticing Agent at GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022; (iii) calling the Noticing Agent at (844) 205-4335; or (iv) emailing gseballots@primeclerk.com; or (b) for a fee via PACER at http://www.deb.uscourts.gov.

This Class 5 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 5 Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Noticing Agent immediately at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 5, General Unsecured Claims, under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

**Item 1.**     **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of General Unsecured Claims in the following aggregate unpaid amount (insert amount in box below):

$$\boxed{\$\rule{3cm}{0.4pt}}$$

**Item 2.**     **Vote on Plan.**

The Holder of the General Unsecured Claims against the Debtors and its affiliates set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
| --- | --- |

# IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

**Article VIII.E of the Plan contains the following provision:**

Except as provided in the last sentence of Article VIII.E of the Plan, as of the Effective Date, each Holder of a Claim or an Interest in the Debtors, except to the extent that such Holder either voted to reject the Plan or is classified in a Class that is deemed to reject the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Third Party Releasees from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether for tort, fraud, contract, violations of federal or state securities laws, or otherwise, including any derivative Claims, asserted on behalf of a debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Non-Filers, the Debtors' restructuring, the chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the related Disclosure Statement, the related Plan Supplement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Third Party Releasees; (2) a good faith settlement and compromise of the Claims released by Article VIII.E of the Plan; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any Entity granting a Third Party Release from asserting any claim or Cause of Action released pursuant to the Third Party Release.

**Item 3.**     **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(i)     that either: (i) the Entity is the Holder of the General Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the General Unsecured Claims being voted;

(ii)    that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(iii)   that the Entity has cast the same vote with respect to all General Unsecured Claims in a single Class; and

(iv)    that no other Class 5 Ballots with respect to the amount of the General Unsecured Claims identified in Item 1 have been cast or, if any other Class 5 Ballots have been cast with respect to such General Unsecured Claims, then any such earlier Class 5 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS CLASS 5 BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) <u>PROMPTLY</u> IN THE ENVELOPE
PROVIDED OR VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND
DELIVERY TO:**

**GSE Environmental, Inc.,** *et al.* **Ballot Processing
c/o Prime Clerk LLC
830 Third Avenue, 9th Floor
New York, New York 10022**

IF THE NOTICING AGENT DOES NOT **ACTUALLY RECEIVE** THIS CLASS 5 BALLOT
**ON OR BEFORE 5:00 P.M., PREVAILING EASTERN TIME, ON [___], 2014** (AND IF
THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS
CLASS 5 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN
ONLY IN THE SOLE AND ABSOLUTE DISCRETION OF THE DEBTORS.

DOCS_DE:193057.1 30106/001

| Class 5 — General Unsecured Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS CLASS 5 BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot.

2. **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement for more information.**

3. To ensure that your vote is counted, you <u>must</u>: (a) complete your Class 5 Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 5 Ballot; <u>and</u> (c) clearly sign and return your original Class 5 Ballot in the enclosed pre-addressed envelope or via first class mail, overnight courier, or hand delivery to GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022 in accordance with paragraph 4 directly below.

4. **Return of Class 5 Ballots**: Your Class 5 Ballot MUST be returned to the Noticing Agent so as to be **actually received** by the Noticing Agent on or before the Voting Deadline, which is 5:00 p.m., prevailing Eastern Time, on [_____].

5. If a Class 5 Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Class 5 Ballots will <u>NOT</u> be counted**:

   i. any Class 5 Ballot that partially rejects and partially accepts the Plan;

   j. Class 5 Ballots sent to the Debtors, the Debtors' agents (other than the Noticing Agent), any indenture trustee, or the Debtors' financial or legal advisors;

   k. Class 5 Ballots sent by facsimile, e-mail, or any other electronic means;

   l. any Class 5 Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

   m. any Class 5 Ballot cast by an Entity that does not hold a Claim in Class 5;

   n. any unsigned Class 5 Ballot;

   o. any non-original Class 5 Ballot; and/or

   p. any Class 5 Ballot not marked to accept or reject the Plan or any Class 5 Ballot marked both to accept and reject the Plan.

6

6. The method of delivery of Class 5 Ballots to the Noticing Agent is at the election and risk of each Holder of a General Unsecured Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Noticing Agent **actually receives** the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

7. If multiple Class 5 Ballots are received from the same Holder of a General Unsecured Claim with respect to the same General Unsecured Claim prior to the Voting Deadline, the latest, timely received and properly completed Class 5 Ballot will supersede and revoke any earlier received Ballots.

8. You must vote all of your General Unsecured Claims within Class 5 either to accept or reject the Plan and may <u>not</u> split your vote. Further, if a Holder has multiple General Unsecured Claims within Class 5, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple General Unsecured Claims within Class 5 for the purpose of counting votes.

9. This Class 5 Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

10. <u>Please be sure to sign and date your Class 5 Ballot</u>. If you are signing a Class 5 Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 5 Ballot.

11. If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each Ballot votes <u>only</u> your Claims indicated on that ballot, so please complete and return each Ballot that you received.

### PLEASE MAIL YOUR CLASS 5 BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 5 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT: (844) 205-4335.**

---

**IF THE NOTICING AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS CLASS 5 BALLOT CONTAINING ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M., PREVAILING EASTERN TIME, ON [_____] (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE SOLE AND ABSOLUTE DISCRETION OF THE DEBTORS.**

---

# EXHIBIT 3

## Cover Letter to Holders of Claims and Interests

May [__], 2014

To Whom It May Concern:

On [____], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") approved the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as may be amended or supplemented from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") and authorized the above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] to solicit votes with regard to the acceptance or rejection of the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as may be amended from time to time and including all exhibits and supplements thereto, the "Plan"). Copies of the Disclosure Statement and Plan are enclosed as part of the Solicitation Package (as defined herein).[2]

You have received this letter and the enclosed materials because you are entitled to vote on the Plan. The enclosed materials constitute the "Solicitation Package," which, in addition to this letter, is comprised of:

   a.   the Cover Letter explaining the solicitation process and urging Holders of Claims and Interests in the Voting Classes to vote to accept the Plan;

   b.   the Disclosure Statement (and exhibits thereto, including the Plan);

   c.   the Disclosure Statement Order (excluding the exhibits thereto);

   d.   the Confirmation Hearing Notice;

   e.   an appropriate Ballot (together with detailed voting instructions and a pre-addressed, postage prepaid return envelope); and

   f.   such other materials as the Court may direct.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, (D) Approving the Manner and Forms of Notice and Other Related Documents, and (E) Granting Related Relief* [Docket No. ___] (the "Disclosure Statement Order").

The Debtors have approved the filing and solicitation of votes to accept or reject the Plan. The Debtors believe that the acceptance of the Plan is in the best interests of the Holders of Claims against, and Interests in, the Debtors. Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in, among other risks, extensive delays and increased administrative expenses, thereby resulting in smaller distributions or no distributions on account of Allowed Claims.

The Debtors, therefore, recommend that all Entities entitled to vote on the Plan submit a timely Ballot voting to accept the Plan.

The materials in the Solicitation Package are intended to be self-explanatory. If you have any questions, however, please feel free to contact the Debtors' Noticing Agent, at (844) 205-4335 or by writing to GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

Regards,

_____

[SIGNATORY]

# EXHIBIT 4

## Confirmation Hearing Notice

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## NOTICE OF ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE, AND OTHER DATES, (C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN AND FOR FILING OBJECTIONS TO THE PLAN, (D) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS, AND (E) GRANTING RELATED RELIEF

### TO ALL HOLDERS OF CLAIMS AND INTERESTS AND PARTIES IN INTEREST:

**PLEASE TAKE NOTICE THAT** on [ ___ ], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, (D) Approving the Manner and Forms of Notice and Other Related Documents, and (E) Granting Related Relief* [Docket No. ___] (the "Disclosure Statement Order") that, among other things: (a) approved the *Disclosure Statement Relating the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as may be amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement"), as containing adequate information, as required under section 1125(a) of the title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); and (b) authorized the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes with regard to the acceptance or rejection of the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as may be amended from time to time and including all exhibits and supplements thereto, the "Plan").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement Order, the Disclosure Statement, or the Plan, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** under the Disclosure Statement Order, [____], 2014, is the Voting Record Date for purposes of determining (a) which Holders of Claims are entitled to vote on the Plan and (b) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the applicable assignee can vote as the Holder of the Claim. If you held a Claim against one of the Debtors as of the Voting Record Date and are entitled to vote on the Plan, you have received a Ballot and voting instructions appropriate for your Claim(s) or Interest(s). For your vote to be counted in connection with Confirmation of the Plan, you must follow the appropriate voting instructions, complete all required information on the Ballot, and execute and return the completed Ballot so that it is **actually received in accordance with the voting instructions** by [____], 2014, at 5:00 p.m., prevailing Eastern Time (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Court has established [____], 2014, at 4:00 p.m. (prevailing Eastern time), as the deadline for filing and serving objections to the Confirmation of the Plan (the "Plan Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim; (d) state with particularity the basis and nature of any objection to the Plan; (e) propose a modification to the Plan that would resolve such objection (if applicable); and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by each of the following notice parties by the Plan Objection Deadline:

---

**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Attention: Patrick J. Nash, Jr., P.C., Jeffrey D. Pawlitz, and Bradley Thomas Giordano
Email addresses: patrick.nash@kirkland.com, jeffrey.pawlitz@kirkland.com, and
bradley.giordano@kirkland.com

**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Attention: Laura Davis Jones and Timothy P. Cairns
Email address: ljones@pszjlaw.com and tcairns@pszjlaw.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*

---

**WACHTELL, LIPTON, ROSEN & KATZ LLP**
51 West 52nd Street
New York, New York 10019
Attention: Scott K. Charles and Emily D. Johnson
E-mail addresses: SKCharles@wlrk.com and EDJohnson@wlrk.com

*Counsel to the Consenting Lenders*

---

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attention: Tiarra N.A. Patton
844 King Street, Suite 2207, Lockbox 35
Wilmington, Delaware 19801

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to confirm the Plan (the "Confirmation Hearing") will commence on [____], 2014, at [ ]:00 [ ].m. (prevailing Eastern time) before the Honorable Judge [____], United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware. Please be advised that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment being filed with the Court and served on parties entitled to notice under Bankruptcy Rule 2002 and the Local Rules or otherwise. In accordance with the Plan, the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing without further action by the Debtors and without further notice to or action, order, or approval of the Court or any other Entity.

**PLEASE TAKE FURTHER NOTICE THAT** the Solicitation Package (except the Ballots) may be obtained at no charge from Prime Clerk, LLC, the noticing agent retained by the Debtors in these chapter 11 cases (the "Noticing Agent") by: (a) accessing the Debtors' restructuring website with the Noticing Agent at http://cases.primeclerk.com/gse; (b) writing to the Noticing Agent at GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022; (c) calling the Noticing Agent at (844) 205-4335; or (d) emailing gseballots@primeclerk.com. The Noticing Agent will answer questions regarding the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, provide additional copies of all materials, and oversee the voting tabulation.

**PLEASE TAKE FURTHER NOTICE** that Article VIII of the Plan contains the following release, exculpation, and injunction provisions:

**ARTICLE VIII.D. DEBTOR RELEASE.** **Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after the Effective Date, the Released Parties are deemed released and discharged by the Debtors, the Reorganized Debtors, and the Estates from any and all**

Claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether for tort, fraud, contract, violations of federal or state securities laws, or otherwise, including any derivative Claims asserted or that could possibly have been asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their Affiliates, the chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and related Disclosure Statement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Confirmation Date of the Plan, other than Claims or liabilities arising out of or related to any contractual or fixed monetary obligation owed to the Debtors or the Reorganized Debtors.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims released by Article VIII.D of the Plan; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors asserting any claim or Cause of Action released pursuant to the Debtor Release.

<u>**ARTICLE VIII.E. THIRD PARTY RELEASE.**</u> Except as provided in the last sentence of Article VIII.E of the Plan, as of the Effective Date, each Holder of a Claim or an Interest in the Debtors, except to the extent that such Holder either voted to reject the Plan or is classified in a Class that is deemed to reject the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Third Party Releasees from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether for tort, fraud, contract, violations of federal or state securities laws, or otherwise, including any derivative Claims, asserted on behalf of a debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Non-Filers, the Debtors' restructuring, the chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any

Released Party, the restructuring of Claims and Interests prior to or in the chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the related Disclosure Statement, the related Plan Supplement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Third Party Releasees; (2) a good faith settlement and compromise of the Claims released by Article VIII.E of the Plan; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any Entity granting a Third Party Release from asserting any claim or Cause of Action released pursuant to the Third Party Release.

Article VIII.F. EXCULPATION. No Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated by the Plan from any Exculpated Claim or any obligation, cause of action, or liability for any Exculpated Claim; *provided, however*, that the foregoing "Exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined by a Final Order to have constituted gross negligence or willful misconduct; *provided further* that in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to, or in connection with, the Plan. The Debtors and the Reorganized Debtors (and each of their respective Affiliates, agents, directors, officers, employees, advisors, and attorneys) have participated in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of the Securities pursuant to the Plan, and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

ARTICLE VIII.G. INJUNCTION. Except as otherwise expressly provided in the Plan or for obligations issued pursuant to the Plan, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to Article VIII.D or Article VIII.E of the Plan, discharged pursuant to Article VIII.A of the Plan, or are subject to exculpation pursuant to Article VIII.F of the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Non-Filers, the Reorganized Debtors, the Released Parties, or the Exculpated Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests;

(2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of subrogation or recoupment of any kind against any obligation due from such Entities or against the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Wilmington, Delaware
Dated: _____, 2014

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:     ljones@pszjlaw.com
             tcairns@pszjlaw.com

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Jeffrey D. Pawlitz (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:     patrick.nash@kirkland.com
             jeffrey.pawlitz@kirkland.com
             bradley.giordano@kirkland.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*

## EXHIBIT 5

### Notice of Non-Voting Status (Unimpaired)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## NON-VOTING STATUS
## NOTICE WITH RESPECT TO UNIMPAIRED
## CLASSES PRESUMED TO ACCEPT THE DEBTORS' PLAN

**PLEASE TAKE NOTICE THAT** on [___], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, (D) Approving the Manner and Forms of Notice and Other Related Documents, and (E) Granting Related Relief* [Docket No. ___] (the "Disclosure Statement Order") that, among other things: (a) approved the *Disclosure Statement Relating the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as may be amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement"), as containing adequate information, as required under section 1125(a) of the title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); and (b) authorized the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes with regard to the acceptance or rejection of the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as may be amended from time to time and including all exhibits and supplements thereto, the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, the Disclosure Statement Order, the Plan, and the other documents and materials included in the Solicitation Package, except Ballots, may be obtained at no charge from Prime Clerk LLC, the Noticing Agent retained by the Debtors in these chapter 11 cases (the "Noticing Agent"), by: (a) accessing the Debtors' restructuring website with the Noticing Agent at

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement Order, the Disclosure Statement, or the Plan, as applicable.

http://cases.primeclerk.com/gse; (b) writing to the Noticing Agent at GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022; (c) calling the Noticing Agent at (844) 205-4335; or (d) emailing gseballots@primeclerk.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because, pursuant to the terms of Article III of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtors are Unimpaired and, therefore, pursuant to section 1126(f) of the Bankruptcy Code, **you are conclusively presumed to have accepted the Plan and are, therefore, not entitled to vote on the Plan**. Accordingly, this notice and the *Notice of Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, (D) Approving the Manner and Forms of Notice and Other Related Documents, and (E) Granting Related Relief* are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** the Court has established **[   ], 2014, at 4:00 p.m. (prevailing Eastern time)**, as the deadline for filing and serving objections to the Confirmation of the Plan (the "Plan Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim; (d) state with particularity the basis and nature of any objection to the Plan; (e) propose a modification to the Plan that would resolve such objection (if applicable); and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by each of the following notice parties by the Plan Objection Deadline:

---

**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Attention: Patrick J. Nash, Jr., P.C., Jeffrey D. Pawlitz, and Bradley Thomas Giordano
Email addresses: patrick.nash@kirkland.com, jeffrey.pawlitz@kirkland.com, and
bradley.giordano@kirkland.com

**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Attention: Laura Davis Jones and Timothy P. Cairns
Email address: ljones@pszjlaw.com and tcairns@pszjlaw.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*

---

**WACHTELL, LIPTON, ROSEN & KATZ LLP**
51 West 52nd Street
New York, New York 10019
Attention: Scott K. Charles and Emily D. Johnson
E-mail addresses: SKCharles@wlrk.com and EDJohnson@wlrk.com

*Counsel to the Consenting Lenders*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attention: Tiarra N.A. Patton
844 King Street, Suite 2207, Lockbox 35
Wilmington, Delaware 19801

**PLEASE TAKE FURTHER NOTICE THAT** A hearing to confirm the Plan (the "Confirmation Hearing") will commence on **[     ], 2014, at [ ]:00 [ ].m. (prevailing Eastern time)** before the Honorable Judge [     ], United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware. Please be advised that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment being filed with the Court and served on parties entitled to notice under Bankruptcy Rule 2002 and the Local Rules or otherwise. In accordance with the Plan, the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing without further action by the Debtors and without further notice to or action, order, or approval of the Court or any other Entity.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Noticing Agent in accordance with the instructions provided above.

Wilmington, Delaware
Dated: _____, 2014

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              tcairns@pszjlaw.com

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Jeffrey D. Pawlitz (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              jeffrey.pawlitz@kirkland.com
              bradley.giordano@kirkland.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*

# EXHIBIT 6

## Notice of Non-Voting Status (Impaired)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## NON-VOTING STATUS
## NOTICE WITH RESPECT TO UNIMPAIRED
## CLASSES DEEMED TO REJECT THE DEBTORS' PLAN

**PLEASE TAKE NOTICE THAT** on [___], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, (D) Approving the Manner and Forms of Notice and Other Related Documents, and (E) Granting Related Relief* [Docket No. ___] (the "Disclosure Statement Order") that, among other things: (a) approved the *Disclosure Statement Relating the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as may be amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement"), as containing adequate information, as required under section 1125(a) of the title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); and (b) authorized the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes with regard to the acceptance or rejection of the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as may be amended from time to time and including all exhibits and supplements thereto, the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, the Disclosure Statement Order, the Plan, and the other documents and materials included in the Solicitation Package, except Ballots, may be obtained at no charge from Prime Clerk LLC, the Noticing Agent retained by the Debtors in these chapter 11 cases (the "Noticing Agent") by: (a) accessing the Debtors' restructuring website with the Noticing Agent at http://cases.primeclerk.com/gse;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement Order, the Disclosure Statement, or the Plan, as applicable.

(b) writing to the Noticing Agent at GSE Environmental, Inc., *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022; (c) calling the Noticing Agent at (844) 205-4335; or (d) emailing gseballots@primeclerk.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because, under the terms of Article III of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) or Interest(s) in the Debtors are Impaired and you will receive no distribution on account of such Claim(s) Interest(s) under the Plan. Accordingly, pursuant to section 1126(g) of the Bankruptcy Code, **you are deemed to have rejected the Plan and are, therefore, not entitled to vote on the Plan**. Accordingly, this notice and the *Notice of Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, (D) Approving the Manner and Forms of Notice and Other Related Documents, and (E) Granting Related Relief* are being sent to you for informational purposes only.

PLEASE TAKE FURTHER NOTICE THAT if you have any questions about the status of any of your Interests, you should contact the Debtors' Administrative Advisor in accordance with the instructions provided above.

2

Wilmington, Delaware
Dated: _____, 2014

---

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              tcairns@pszjlaw.com

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Jeffrey D. Pawlitz (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              jeffrey.pawlitz@kirkland.com
              bradley.giordano@kirkland.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*

# EXHIBIT 7

## Notice of Proposed Cure Amount

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## NOTICE OF PROPOSED CURE AMOUNT
## TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE THAT** on [___], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, (D) Approving the Manner and Forms of Notice and Other Related Documents, and (E) Granting Related Relief* [Docket No. ___] (the "Disclosure Statement Order") that, among other things: (a) approved the *Disclosure Statement Relating the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as may be amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement"), as containing adequate information, as required under section 1125(a) of the title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); and (b) authorized the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes with regard to the acceptance or rejection of the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as may be amended from time to time and including all exhibits and supplements thereto, the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, the Disclosure Statement Order, the Plan, and the other documents and materials included in the Solicitation Package, except Ballots, may be obtained at no charge from Prime Clerk LLC, the Noticing Agent retained by the Debtors in these chapter 11 cases (the "Noticing Agent") by: (a) accessing the Debtors' restructuring website with the Noticing Agent at http://cases.primeclerk.com/gse; (b) writing to the Noticing Agent at GSE Environmental, Inc., *et*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement Order, the Disclosure Statement, or the Plan, as applicable.

*al.* Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022; (c) calling the Noticing Agent at (844) 205-4335; or (d) emailing gseballots@primeclerk.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you or one of your affiliates is a counterparty to an Executory Contract or an Unexpired Lease[3] listed below with one or more of the Debtors:

**[Counterparty Name]**       **[Contract/Lease]**       **[Cure Obligation]**

The Debtors have conducted a review of the Debtors' books and records and have determined that the amount to cure unpaid obligations under such contract or lease is as set forth above (the "Cure Obligation"). Unless otherwise ordered by the Court, any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed Cure Obligation must be Filed with the Court and served so as to be actually received by the Debtors before fourteen days after service of this Notice. If you fail to object in a timely manner to the proposed Cure Obligation with respect to any Executory Contract or Unexpired Lease, you will be deemed to have assented to such Cure Obligation.

**PLEASE TAKE FURTHER NOTICE THAT** in the event of a dispute regarding: (a) any Cure Obligation; (b) the ability of the Reorganized Debtors or any assignee, as applicable, to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under any of your Executory Contracts or Unexpired Leases; or (c) any other matter pertaining to assumption or assumption and assignment of any of your Executory Contracts or Unexpired Leases, the satisfaction of any Cure Obligation will be made following the entry of a Final Order resolving the dispute and approving the assumption and assignment of such Executory Contracts or Unexpired Leases.

**PLEASE TAKE FURTHER NOTICE THAT** assumption and assignment of any Executory Contract or Unexpired Lease pursuant to the Plan, or otherwise, shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to assumption. Any Proofs of Claim Filed with respect to an Executory Contract or Unexpired Lease that has been assumed and assigned shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.

**YOUR STATUS AS A COUNTERPARTY TO AN EXECUTORY CONTRACT AND/OR AN UNEXPIRED LEASE DOES NOT IN AND OF ITSELF ENTITLE YOU TO VOTE ON THE PLAN.** Accordingly, this notice and the *Notice of Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other*

---

[3] This "Notice" is being sent to counterparties to Executory Contracts and Unexpired Leases. This Notice is not an admission by the Debtors that such contract or lease is executory or unexpired.

*Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, (D) Approving the Manner and Forms of Notice and Other Related Documents, and (E) Granting Related Relief* are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about this Notice you should contact the Debtors' Administrative Advisor in accordance with the instructions provided above.

Wilmington, Delaware
Dated: _____, 2014

<div style="margin-left:40%">

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Jeffrey D. Pawlitz (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                jeffrey.pawlitz@kirkland.com
                bradley.giordano@kirkland.com

*Proposed Co-Counsel for the
Debtors and Debtors in Possession*

</div>