## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | )    Case No. 14-11126 (MFW) |
| | ) |
| Debtors. | )    (Jointly Administered) |
| | ) |
| | )    **Hearing Date: June 2, 2014, at 11:30 a.m. (ET)** |
| | )    **Objection Deadline: May 27, 2014, at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (B) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (C) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) REQUESTS, (D) APPROVING NOTICE OF BAR DATES, AND (E) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, "Debtors"), file this motion (this "Motion") for entry of an order (the "Bar Date Order"), substantially in the form attached hereto as **Exhibit A**, (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (as defined below), in these chapter 11 cases, (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date (each as defined below), (c) approving the form of and manner for filing proofs of claim, including any section 503(b)(9) requests for payment, (d) approving notice of the Bar Dates (as defined herein), and (e) granting related relief. In support of this Motion, the Debtors respectfully state as follows.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2), and the Court may enter a final order consistent with Article III of the United States

Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 501, 502,

and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the

"Bankruptcy Code"), Rules 2002(a)(7), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rules 1009-2 and 2002-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules").

## Relief Requested

4.      By this motion, the Debtors seek entry of the Bar Date Order:  (a) establishing

**5:00 p.m., prevailing Eastern Time, on the first business day that is 35 days after the date**

**of entry of the Bar Date Order,** as the last date and time for each entity[2] (including, without

limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file proofs of

---

[2]   Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those
meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the
meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it
in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in
section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section
101(41) of the Bankruptcy Code.

KE 29221603

claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code against any Debtor (the "General Bar Date"); (b) solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), **establishing October 31, 2014, at 5:00 p.m., prevailing Eastern Time,** as the last date and time for each such governmental unit to file proofs of claim against any Debtor (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates" or "Bar Date," as may be applicable); (c) establishing the Amended Schedules Bar Date and Rejection Damages Bar Date; (d) approving the proposed Proof of Claim Form (as defined herein); (e) approving the proposed Bar Date Notice; (f) approving the proposed form of publication notice (the "Publication Notice"); and (g) granting related relief.

## Background[3]

5.     On May 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

---

[3]   For more information regarding the Debtors' history, operations, and financial performance, see the *Declaration of Dean Swick in Support of First Day Motions* [Docket No. 16] (the "First Day Declaration").

KE 29221603

**The Bar Dates**

I.    **Summary**

6.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a proof of claim. Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim.

7.      The Debtors propose to allow creditors other than governmental units until 5:00 p.m., prevailing Eastern Time, on the first business day that is 35 days after the date of entry of the Bar Date Order, and governmental units until October 31, 2014, at 5:00 p.m., prevailing Eastern Time, to file proofs of claim. Additionally, the Debtors anticipate their Schedules will be on file before the Bar Date Order is entered and therefore well before the Debtors' proposed Bar Dates. Accordingly, the Debtors respectfully submit that the proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

II.    **The General Bar Date**

8.      The Debtors request that the Court establish 5:00 p.m., prevailing Eastern Time, on the first business day that is 35 days after the date of entry of the Bar Date Order, as the General Bar Date. The General Bar Date would be the date by which all entities, other than governmental units holding prepetition claims, must file proofs of claim, including requests for payment under section 503(b)(9), so that such proofs of claim are actually received by the

4

KE 29221603

Debtors' notice and claims agent, Prime Clerk LLC ("Prime Clerk"), unless such entity's claim falls within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases; *provided, however*, that unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of (a) the General Bar Date, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors (the "Rejection Damages Bar Date").

## III.    The Governmental Bar Date

9.      Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ." 11 U.S.C. § 502(b)(9). The Debtors, therefore, request that October 31, 2014, at 5:00 p.m., prevailing Eastern Time, be established as the Governmental Bar Date in these chapter 11 cases. The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors would be required to file proofs of claim so that such proofs of claim are actually received by Prime Clerk by the Governmental Bar Date.

KE 29221603

## IV.    Amended Schedules Bar Date

10.    In accordance with Local Rule 1009-2, in the event the Debtors amend their Schedules, the Debtors propose that the Court establish the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtors provide notice of the amendment to the Schedules, as the deadline by which claimants holding claims affected by the amendment must file proofs of claim with respect to such claim so that such proofs of claim are actually received by Prime Clerk (the "Amended Schedules Bar Date").

## Procedures for Filing Proofs of Claim

## I.    Parties Required to File Proofs of Claim

11.    Except as otherwise set forth herein, the Debtors propose that the following entities holding claims against the Debtors arising prior to the Petition Date be required to file proofs of claim on or before the applicable Bar Date:

a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the schedules; and

d.    any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

KE 29221603

## II.    Parties Not Required to File Proofs of Claim by the General Bar Date

12.    The Debtors propose that the following entities whose claims otherwise would be subject to the General Bar Date need not file proofs of claim:

a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Prime Clerk in a form substantially similar to Official Form 10;

b.    any entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any entity whose claim has previously been allowed by order of the Court;

d.    any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.    any Debtor having a claim against another Debtor;

f.    any non-Debtor subsidiary having a claim against a Debtor;

g.    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.    any entity whose claim is based on an equity interest in any of the Debtors;

i.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.    any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.    any entity holding a claim for which a separate deadline is fixed by this Court;

l.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the

7

ordinary course, *provided*, *however*, that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date;

m. the holders of First Lien Claims (as defined in the Plan);

n. the First Lien Agent (as defined in the Plan), with respect to any First Lien Claims;

o. the holders of claims under the Priming Loan Credit Agreement (as defined in the Plan); and

p. the Priming Loan Agent (as defined in the Plan), with respect to any claims arising under the Priming Loan Credit Agreement.

## III. The Proof of Claim Form

13. The Debtors have prepared, and request that the Court approve, a form for filing a proof of claim which, although based on Official Form 10, has been modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code substantially in the form annexed as **Exhibit 1** to **Exhibit A** attached hereto (the "Proof of Claim Form"). In addition, with the assistance of Prime Clerk, the Debtors propose to provide each of the creditors listed on the Debtors' Schedules with a "personalized" Proof of Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

14. If the creditor disagrees with information set forth on the "personalized" Proof of Claim Form, the creditor is required to file a proof of claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim. Additionally, creditors may choose not to use the personalized Proof of Claim Form and instead submit proofs of claim on Official Form 10.

8

KE 29221603

## IV.    Requirements for Preparing and Filing Proofs of Claim

15.    With respect to preparing and filing of a proof of claim, the Debtors propose that

each proof of claim be required to be consistent with the following:

a. Contents. Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b. Section 503(b)(9) Claim. Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c. Original Signatures Required. Only *original* proofs of claim may be deemed acceptable for purposes of claims administration. Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d. Identification of the Debtor Entity. Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A proof of claim filed under the joint administration case number (No. 14-11126 (MFW)) or otherwise without identifying a specific Debtor, will be deemed as filed only against GSE Environmental, Inc.

e. Claim Against Multiple Debtor Entities. Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f. Supporting Documentation. Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided, however*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

9

g.    Timely Service.  Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by Prime Clerk on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) at the following address:

GSE Environmental, Inc. Claim Processing
c/o Prime Clerk LLC
830 Third Avenue, 9th Floor
New York, New York 10022

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.    Receipt of Service.  Claimants wishing to receive acknowledgment that their proofs of claim were received by Prime Clerk must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Prime Clerk) and (ii) a self-addressed, stamped envelope.

### Consequences of Failure to File a Proof of Claim

16.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim—including with respect to claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code.  Moreover, such creditor shall be prohibited from voting to accept or reject any plan of reorganization filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

### Procedures for Providing Notice of the Bar Dates

17.    The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

KE 29221603

## I.    Mailing of Bar Date Notices

18.    Pursuant to Bankruptcy Rule 2002(a)(7), no later than three business days after the Court enters the Bar Date Order, the Debtors propose to cause written notice of the Bar Dates, substantially in the form annexed as **Exhibit 2** to **Exhibit A** attached hereto (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first class mail to the following entities:

      a.     the U.S. Trustee;

      b.     the entities listed on the Consolidated List of Creditors Holding the 25 Largest Unsecured Claims;

      c.     the administrative agent under the Debtors' first lien credit facility;

      d.     counsel to the administrative agent;

      e.     co-counsel to the administrative agent;

      f.     the first lien credit facility lenders;

      g.     counsel to the first lien credit facility lenders;

      h.     co-counsel to the first lien credit facility lenders;

      i.     all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

      j.     all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

      k.     all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

      l.     all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

      m.     all entities that are party to executory contracts and unexpired leases with the Debtors;

      n.     all entities that are party to litigation with the Debtors;

11

o.    all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

p.    all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

q.    the United States Environmental Protection Agency;

r.    the Office of the Attorney General for the State of Delaware;

s.    the office of the attorney general for each state in which the Debtors maintain or conduct business;

t.    the District Director of the Internal Revenue Service for the District of Delaware;

u.    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

v.    the Securities and Exchange Commission.

19.    The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a proof of claim, the procedures for filing a proof of claim, and the consequences of failure to timely file a proof of claim. The Debtors request the Court approve the use of the Bar Date Notice.

## II.    Supplemental Mailings

20.    After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[4] (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date

---

[4]    However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such creditors.

KE 29221603

noticing process.    In this regard, the Debtors request that the Court permit it to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

## III.    Publication Notice

21.    In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.    In accordance with Bankruptcy Rule 2002(l) and in satisfaction of the requirements of Bankruptcy Rule 2002(a)(7), the Debtors propose to publish the Bar Date Notice, modified for publication, substantially in the form annexed as **Exhibit 3** to **Exhibit A** attached hereto (the "Publication Notice"), on one occasion in *The Wall Street Journal* (National Edition) and the *Houston Chronicle*.    The Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website at which creditors may obtain a copy of a Proof of Claim Form, and information concerning the procedures and appropriate deadlines for filing a proof of claim.

## Basis for Relief

## I.    Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases

22.    Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."    Fed. R. Bankr. P. 3003(c)(3).    Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim

pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

23.    It is well recognized that a claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). A claims bar date allows the Debtors and parties in interest to expeditiously determine and evaluate the liabilities of the estates. The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by the Debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law— "secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

24.    The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing proofs of claim and achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

25.    The Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause expense and delay in the claims process for all parties. Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful

14

KE 29221603

information to creditors as to whether and how their claims are reflected in the Debtors' Schedules. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases (such as in the event of contract rejections).

**II.     The Proposed Notice Procedures Are Reasonable and Appropriate**

26.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

27.     In conjunction with setting deadlines to file proofs of claim, the Debtors must give appropriate notice to interested parties. The Debtors propose to mail the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to its unknown creditors. This procedure is consistent with applicable case law and practice in this district. *See, e.g., Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346 (3d Cir. 1995). To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Chemetron*, 72 F.3d at 346. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown creditors, notification by publication will generally suffice." *Id.* (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478,

15

490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id.* (citing *Mullane*, 339 U.S. at 317).

28.    Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317–18. Rather, the required search is limited to a debtor's "books and records." *See, e.g., Chemetron*, 72 F.3d at 347.

29.    In addition, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a proof of claim on or prior to the General Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice. Moreover, this approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtors to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtors' creditors.[5]

---

[5]    For the avoidance of doubt, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code or as otherwise specified by order of the Court or in any plan confirmed in these chapter 11 cases.

KE 29221603

30.     The Debtors submit that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the General Bar Date is justified and warranted under the circumstances of these chapter 11 cases.  Indeed, courts in this district routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code.  *See, e.g., In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (establishing claims bar date for claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Nov. 21, 2013) (same); *In re ICL Holding Co. f/k/a LCI Holding Co.*, No. 12-13319 (KG) (Bankr. D. Del. Sept. 13, 2013) (KG) (same); *In re Prommis Holdings, LLC*, No. 13-10551 (BLS) (Bankr. D. Del. May 23, 2013) (same); *In re Saab Cars N. Am., Inc.*, No. 12-10344 (CSS) (Bankr. D. Del. July 9, 2012) (same).

31.     The Debtors submit that the relief requested herein provides for clear notice of the General Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, to the extent the General Bar Date is established, as proposed, as 5:00 p.m., prevailing Eastern Time, on the first business day that is 35 days after the date of entry of the Bar Date Order, the Debtors intend to (a) cause the Bar Date Notice to be mailed no less than three business days after entry of the Bar Date Order and (b) cause the Publication Notice to be published by a date that is at least 21 days prior to the General Bar Date.  Thus, by establishing the Bar Date in accordance with the provisions hereof, all known claimants will have more than 30 days' notice and unknown or unreachable claimants will have at least 21 days of constructive notice of the Bar Date for filing its proof of claim, thereby satisfying Bankruptcy Rule 2002(a)(7).  Additionally, because the Debtors will file their Schedules on or

KE 29221603

before June 2, 2014, known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file proofs of claim, if necessary.

32.    In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than 21 days from the notice date to file proofs of claim with respect to their claims. Moreover, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of (a) the General Bar Date, and (b) 5:00 p.m. prevailing Eastern Time on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.

33.    The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules and file proofs of claim while, at the same time, ensuring that the Debtors can achieve certainty with respect to its liabilities in a timely manner. In fact, the entry of orders granting relief similar to that requested herein is routinely approved in large chapter 11 cases in this district. *See, e.g., In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (approving a general bar date that provided for approximately 28 days' notice to creditors); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Nov. 21, 2013) (approving a general bar date that provided for approximately 28 days' notice to creditors); *In re ICL Holding Co. f/k/a LCI Holding Co.*, No. 12-13319 (KG) (Bankr. D. Del. Sept. 13, 2013) (KG) (approving a general bar date that provided for approximately 45 days' notice to creditors); *In re Prommis Holdings, LLC,*

KE 29221603

No. 13-10551 (BLS) (Bankr. D. Del. May 23, 2013) (approving a general bar date that provided for approximately 30 days' notice to creditors); *In re Saab Cars N. Am., Inc.*, No. 12-10344 (CSS) (Bankr. D. Del. July 9, 2012) (approving a general bar date that provided for approximately 64 days' notice to creditors).

34.   Accordingly, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## Notice

35.   The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 25 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' first lien credit facility; (d) counsel to the administrative agent; (e) co-counsel to the administrative agent; (f) the first lien credit facility lenders; (g) counsel to the first lien credit facility lenders; (h) co-counsel to the first lien credit facility lenders; (i) the United States Environmental Protection Agency; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the office of the attorneys general for the states in which the Debtors operate; (m) the Securities and Exchange Commission; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.   The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

36.   No prior request for the relief sought in this Motion has been made to this or any other court.

19

KE 29221603

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Wilmington, Delaware
Dated: MAY 12, 2014

_____
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:      (302) 652-4400
Email:            ljones@pszjlaw.com
                       tcairns@pszjlaw.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Jeffrey D. Pawlitz (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                       jeffrey.pawlitz@kirkland.com
                       bradley.giordano@kirkland.com

*Proposed Co-Counsel for the*
*Debtors and Debtors in Possession*

KE 29221603