**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GSE ENVIRONMENTAL, INC., *et al.*,[1] | ) | Case No. 14-11126 (MFW) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Hearing Date: June 11, 2014, at 11:30 a.m. (ET)**<br>**Objection Deadline: June 4, 2014, at 4:00 p.m. (ET)** |

# DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ Kirkland & Ellis LLP ("K&E") as their attorneys effective *nunc pro tunc* to the Petition Date (as defined herein). In support of this Application, the Debtors submit the declaration of Patrick J. Nash, Jr., P.C., a partner at K&E (the "Nash Declaration"), which is attached hereto as **Exhibit B** and the declaration of Daniel C. Storey, the Senior Vice President and Chief Financial Officer of GSE Environmental, Inc., which is attached hereto as **Exhibit C** (the "Storey Declaration"). In further support of this Application, the Debtors respectfully state as follows.

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1, 2016-1, and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## Background[2]

4. On May 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. On May 6, 2014, the Court entered an order [Docket No. 44] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner

2 For more information regarding the Debtors' history, operations, and financial performance, see the *Declaration of Dean Swick in Support of First Day Motions* [Docket No. 16] (the "First Day Declaration").

has been made in these chapter 11 cases. On May 16, 2014, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 97].

5. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Dean Swick in Support of First Day Motions*, filed on May 4, 2014 [Docket No. 16], incorporated herein by reference.

**Relief Requested**

6. By this Application, the Debtors seek the entry of the Order authorizing the retention and employment of K&E as their attorneys effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and K&E dated as of January 2, 2014 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit 1** to **Exhibit A** and incorporated herein by reference.

**K&E's Qualifications**

7. The Debtors seek to retain K&E because of K&E's recognized expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

8. K&E has been actively involved in major chapter 11 cases and has represented debtors in many cases, including, among others: *In re Dolan Co.*, No. 14-10614 (BLS) (Bankr. D. Del. Apr. 15, 2014); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. Apr. 8, 2014); *In re FAH Liquidating Corp. f/k/a Fisker Auto. Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Jan. 10, 2014); *In re Physiotherapy Holdings, Inc.*, No. 13-12965 (KG) (Bankr. D. Del. Dec. 17, 2013); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Sept. 24, 2013); *In re Maxcom Telecomunicaciones, S.A.B. de C.V.*, No. 13-11839 (PJW)

(Bankr. D. Del. Sept. 10, 2013); *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 31, 2012); *In re Revel AC, Inc.*, No. 13-16253 (JHW) (Bankr. D.N.J. May 13, 2013); *In re Dex One Corp.*, No. 13-10533 (KG) (Bankr. D. Del. Apr. 29, 2013); *In re Global Aviation Holdings Inc.*, No. 12-40783 (CEC) (Bankr. E.D.N.Y. Mar. 9, 2012); *In re United Retail Grp., Inc.*, No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 23, 2012); *In re Amicus Wind Down Cop. f/k/a Friendly Ice Cream Corp.*, No. 11-13167 (KG) (Bankr. D. Del. Nov. 1, 2011); *In re Neb. Book Co.*, No. 11-12005 (PJW) (Bankr. D. Del. July 21, 2011); *In re Sbarro, Inc.*, No. 11-11527 (SCC) (Bankr. S.D.N.Y. May 3, 2011); *In re MSR Resort Golf Course LLC*, No. 11-10372 (SHL) (Bankr. S.D.N.Y. Mar. 2, 2011); *In re Great Atlantic & Pacific Tea Co.*, No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 12, 2010); *In re Local Insight Media Holdings, Inc.*, No. 10-13677 (KG) (Bankr. D. Del. Nov. 17, 2010); *In re FGIC Corp.*, No. 10-14215 (SMB) (Bankr. S.D.N.Y. Aug. 25, 2010); *In re Innkeepers USA Trust*, No. 10-13800 (SCC) (Bankr. S.D.N.Y. Aug. 12, 2010); *In re North Am. Petroleum Corp.*, No. 10-11707 (CSS) (Bankr. D. Del. June 21, 2010); *In re South Bay Expressway, L.P.*, No. 10-04516 (LDA) (Bankr. S. D. Cal. June 11, 2010); *In re Neff Corp.*, No. 10-12610 (SCC) (Bankr. S.D.N.Y. June 9, 2010); *In re U.S. Concrete, Inc.*, No. 10-11407 (PJW) (Bankr. D. Del. May 21, 2010); *In re Citadel Broad. Corp.*, No. 09-17442 (BRL) (Bankr. S.D.N.Y. Feb. 3, 2010); *In re Stallion Oilfield Servs., Ltd.*, No. 09-13562 (BLS) (Bankr. D. Del. Nov. 16, 2009); *In re Reader's Digest Ass'n*, No. 09-23529 (RDD) (Bankr. S.D.N.Y. Sept. 17, 2009); *In re Lear Corp.*, No. 09-14326 (ALG) (Bankr. S.D.N.Y. July 31, 2009).[3]

[3] Because of the voluminous nature of the orders cited in this Application, they are not attached to this Application. Copies of these orders are available upon request to Debtors' proposed counsel.

9. In preparing for its representation of the Debtors in these chapter 11 cases, K&E has become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of these chapter 11 cases. The Debtors believe that K&E is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

**Services to be Provided**

10. Subject to further order of the Court, and consistent with the Engagement Letter, the Debtors request the retention and employment of K&E to render the following legal services:

a. advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

b. advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

c. attending meetings and negotiating with representatives of creditors and other parties in interest;

d. taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e. preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f. representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g. advising the Debtors in connection with any potential sale of assets;

h. appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i. advising the Debtors regarding tax matters;

j. taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k. performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

**Professional Compensation**

11. K&E intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure K&E will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that K&E uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

12. K&E operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

13. K&E's current hourly rates for matters related to these chapter 11 cases range as follows:[4]

| Billing Category[5] | U.S. Range |
|---|---|
| Partners | $665-$1,295 |
| Of Counsel | $415-$1,195 |
| Associates | $450-$865 |
| Paraprofessionals | $170-$355 |

14. K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[6]

15. K&E represented the Debtors during the twelve-month period before the Petition Date, using the hourly rates listed above. Moreover, these hourly rates are consistent with the rates that K&E charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

---

4 These ranges reflect proposed changes to K&E's billing rates that will take effect on June 1, 2014, and July 1, 2014. K&E will make appropriate disclosures to the Court, the U.S. Trustee, and other parties in interest if the rates when finalized differ in any material respect from those listed above. For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency. When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.

5 Although K&E does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, K&E will not charge a markup to the Debtors with respect to fees billed by such attorneys. Moreover, any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by K&E will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

6 For example, like many of its peer law firms, K&E increases the hourly billing rate of attorneys and paraprofessionals twice a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013. As set forth in the Order, K&E will provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file such notice with the Court.

16. The rate structure provided by K&E is appropriate and not significantly different from (a) the rates that K&E charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work K&E will perform in these chapter 11 cases.

17. It is K&E's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also K&E's policy to charge its clients only the amount actually incurred by K&E in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

18. To ensure compliance with all applicable deadlines in these chapter 11 cases, from time to time K&E utilizes the services of overtime secretaries. K&E charges fees for these services pursuant to the Engagement Letter, which permits K&E to bill the Debtors for overtime secretarial charges that arise out of business necessity. In addition, K&E professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

19. K&E currently charges the Debtors $0.13 per page for standard duplication in its offices in the United States. Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, K&E will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases. K&E does not charge its clients for incoming facsimile transmissions. K&E has negotiated a discounted rate for Westlaw computer-assisted legal research. Computer-assisted legal research is used whenever the researcher determines that

using Westlaw is more cost effective than using traditional (non-computer assisted legal research) techniques.

**Compensation Received by K&E from the Debtors**

20. As set forth in the Nash Declaration, on January 3, 2014, the Debtors paid $500,000 to K&E as a classic retainer and the Debtors subsequently made additional classic retainer payments to K&E totaling $2,503,379.85 in the aggregate. The foregoing retainers constitute "classic retainer[s]" as defined in *In re Production Associates, Ltd.*, 264 B.R. 180, 184–85 (Bankr. N.D. Ill. 2001), and *In re McDonald Bros. Construction, Inc.*, 114 B.R. 989, 997–99 (Bankr. N.D. Ill. 1990). Moreover, pursuant to the Engagement Letter, the classic retainers are property of K&E and are not held in a separate account. As such, K&E earned the classic retainers upon receipt, and, consequently, K&E placed the amounts into its general cash account. The amounts K&E has invoiced the Debtors against the classic retainer for professional services and for the reimbursement of reasonable and necessary expenses incurred in connection therewith are set forth in the Nash Declaration.

21. Pursuant to Bankruptcy Rule 2016(b), K&E has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with K&E or (b) any compensation another person or party has received or may receive. As of the Petition Date, the Debtors did not owe K&E any amounts for legal services rendered before the Petition Date. Although certain expenses and fees may have been incurred, but not yet applied to K&E's classic retainer, such amounts, if any, would be less than the balance of K&E's classic retainer as of the Petition Date.

**K&E's Disinterestedness**

22. To the best of the Debtors' knowledge and as disclosed herein and in the Nash Declaration, (a) K&E is a "disinterested person" within the meaning of section 101(14) of the

Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) K&E has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Nash Declaration.

23. K&E will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, K&E will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Supporting Authority

24. The Debtors seek retention of K&E as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

25. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

26. The Debtors submit that for all the reasons stated above and in the Nash Declaration, the retention and employment of K&E as counsel to the Debtors is warranted. Further, as stated in the Nash Declaration, K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Nash Declaration.

**Notice**

27. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Committee; (c) the administrative agent under the Debtors' first lien credit facility; (d) counsel to the administrative agent; (e) co-counsel to the administrative agent (f) the first lien credit facility lenders; (g) counsel to the first lien credit facility lenders; (h) co-counsel to the first lien credit facility lenders; (i) the United States Environmental Protection Agency; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the office of the attorneys general for the states in which the Debtors operate; (m) the Securities and Exchange Commission; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Application is also available on the website of the Debtors' notice and claims agent at http://cases.primeclerk.com/gse. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

**No Prior Request**

28. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully Daniel request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: May 22, 2014
Wilmington, Delaware

Daniel C. Storey
GSE Environmental, Inc.
Senior Vice President and Chief Financial Officer