IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GSE ENVIRONMENTAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-11126 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: June 11, 2014, at 11:30 a.m. (ET)**<br>**Objection Deadline: June 4, 2014, at 4:00 p.m. (ET)** |

### DEBTORS' STATEMENT OF SUBSTANTIAL COMPLIANCE WITH, AND MOTION FOR ENTRY OF AN ORDER MODIFYING, THE REPORTING REQUIREMENTS OF RULE 2015.3 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this statement of substantial compliance with Rule 2015.3 of the Federal Rules of Bankruptcy Procedure (this "Statement") and file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) finding that the reporting requirements of Rule 2015.3 of the Federal Rules of Bankruptcy Procedure have been satisfied, (b) modifying such reporting requirements, and (c) granting related relief. In support of this Statement and this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GSE Environmental, Inc. (1074); GSE Environmental, LLC (1539); GSE Holding, Inc. (9069); and SynTec, LLC (2133). The location of the Debtors' service address is: 19103 Gundle Road, Houston, Texas 77073.

dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Rule 2015.3(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

4. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) finding that the Periodic Report (as defined below), together with the information publicly available in the SEC filings (as defined below), satisfy the reporting requirements of Bankruptcy Rule 2015.3(a); (b) modifying such reporting requirements; and (c) granting related relief.

## Background[2]

5. On May 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On May 16, 2014, the United States Trustee for

---

[2] For more information regarding the Debtors' history, operations, and financial performance, see the *Declaration of Dean Swick in Support of First Day Motions* [Docket No. 16] (the "First Day Declaration").

2

Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 97].

### The SEC Filings and the Periodic Report

6. The debtors in these chapter 11 cases include GSE Holding, Inc. ("Holding") and three of its direct and indirect wholly-owned subsidiaries. Holding also is the indirect parent company of 13 non-Debtor wholly or substantially-wholly owned subsidiaries (collectively, the "Non-Debtor Entities").[3]

7. Holding is a publicly traded corporation whose stock was traded on the New York Stock Exchange under the symbol GSE from February 15, 2012 until March 5, 2014. Since that time, Holding's stock has traded on the OTCQB Marketplace under the symbol GSEH.

8. As a public corporation, Holding is required to file periodic reports with the United States Securities and Exchange Commission (the "SEC") pursuant to section 13 of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and the regulations promulgated thereunder (collectively, the "Securities Laws"). These periodic reports include an annual report on form 10-K, quarterly reports on form 10-Q, current reports on form 8-K, and various other reports required by the Securities Laws (collectively, the "SEC Filings"). Holding has continued to make its SEC Filings since the Petition Date, most recently filing a form 10-Q for the period ended March 31, 2014. The SEC Filings are available to the public free of charge at http://ir.gseworld.com/sec.cfm.

---

[3] The Non-Debtor Entities include (with state or country of incorporation or formation in parentheses): GSE International, Inc. (Delaware); GSE Lining Technology Co. LTD (Thailand); GSE Lining Technology Co. - Egypt S.A.E. (Egypt); HYMA/GSE Manufacturing Co. S.A.E. (Egypt); HYMA/GSE Lining Technology Co. S.A.E. (Egypt); GSE UK LTD (England); GSE Lining Technology LTD (England); GSE Australia Pty LTD (Australia); GSE Lining Technology GmbH (Germany); GSE Environmental Holding Limited (Hong Kong); GSE Environmental Lining Technology (Suzhou) Co., Ltd. (China); GSE Lining Technology Chile S.A. (Chile); GSE Environmental S de RL de CV (Mexico).

KE 31812583

9.  Pursuant to Parts 210.3 and 210.3A of Regulation S-X of the Securities Laws, 17 C.F.R. §§ 210.3 and 210.3A, the SEC Filings contain consolidated financial information regarding the balance sheets and statements of income and cash flows of the Debtors as well as the Non-Debtor Entities. Additionally, the Debtors provide the net sales, gross profit, and gross margin of the Non-Debtor Entities by region in the SEC Filings.

10. The instructions to Part 210.3A-02 of Regulation S-X, titled "Consolidated Financial Statements of the Registrant and its Subsidiaries", state as follows:

> In deciding upon consolidation policy, the registrant must consider what financial presentation is most meaningful in the circumstances and should follow in the consolidated financial statements principles of inclusion or exclusion which will clearly exhibit the financial position and results of operations of the registrant. There is a *presumption that consolidated statements are more meaningful than separate statements* and that they are usually *necessary for a fair presentation* when one entity directly or indirectly has a controlling financial interest in another entity.

17 C.F.R. § 210.3A-02 (emphasis supplied).

As a consequence of these instructions, Holding consolidates the financial information of the Non-Debtor Entities in the SEC Filings.

11. In addition, contemporaneously herewith, the Debtors have filed the *Periodic Report Regarding Value, Operations and Profitability of Entities in Which the Debtors' Estates Hold a Substantial or Controlling Interest* (the "Periodic Report"). The Periodic Report contains substantially similar information as the SEC Filings, including a balance sheet and income statement for the Non-Debtor Entities reported on a regional basis. Holding does not report such financial information on an entity-level basis in the SEC Filings, and the Debtors submit that disclosure of such confidential, commercially sensitive information may undermine the competitiveness of the Non-Debtor Entities to the ultimate detriment of the Debtors and their estates. The Periodic Report also contains certain financial and operational information not

4

otherwise available in the SEC Filings, including certain detail set forth in the balance sheets and income statements as well as the Debtors' interests in each such Non-Debtor Entity and a description of their respective businesses.

## Statement of Substantial Compliance

12. The Debtors believe that because they have filed the Periodic Report and Holding has continued to make its consolidated SEC Filings since the Petition Date, the Debtors are already in substantial compliance with Bankruptcy Rule 2015.3(a), which requires (as detailed more fully below) that the Debtors file periodic reports regarding the financial condition of the Non-Debtor Entities. However, out of an abundance of caution, the Debtors have filed this Motion under Bankruptcy Rule 2015.3(d), respectfully requesting that the Court modify the reporting requirements of Bankruptcy Rule 2015.3(a) for cause.

## Basis for Relief

13. Bankruptcy Rule 2015.3(a) requires that a chapter 11 debtor file periodic reports regarding the financial condition of non-debtor entities which are either privately held or in which the debtor holds a substantial or controlling interest. Specifically, Bankruptcy Rule 2015.3(a) provides that:

> In a chapter 11 case, the ... debtor in possession shall file periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest.

14. Bankruptcy Rule 2015.3(d), however, authorizes the Court to alter the reporting requirements of Bankruptcy Rule 2015.3(a) "for cause," providing in relevant part that:

> The court may ... vary the reporting requirement established by [Bankruptcy Rule 2015.3(a)] for cause, including that the [debtor] is not able, after a good faith effort, to comply with those reporting requirements, or that the information required by [Bankruptcy Rule 2015.3(a)] is publicly available.

5

15. The Debtors submit that the facts and circumstances of these chapter 11 cases, the filing of the Periodic Report, and the Debtors' ongoing disclosure requirements provide ample cause to excuse the Debtors for further reporting obligations under Bankruptcy Rule 2015.3(a).

16. As detailed above, the Debtors and the Non-Debtor Entities comprise a public company and have extensive reporting obligations in the United States and elsewhere. The SEC Filings contain consolidated information regarding the value, operations, and profitability of Holding, which includes financial and operational information regarding both the Debtors and the Non-Debtor Entities. The Debtors operate a transparent business and have made available publicly certain financial information in respect of the Non-Debtor Entities in accordance with the Securities Laws. As set forth above, the Periodic Report provides even more financial and operational information in respect of the Non-Debtor Entities. And the Debtors intend to continue to file all reports required by the Securities Laws during the pendency of these chapter 11 cases. In light of the public availability of information regarding the Non-Debtor Entities, the Debtors submit that cause exists to excuse additional reporting under Bankruptcy Rule 2015.3.

17. Moreover, the relief requested herein will not prejudice any party in interest. Since the Petition Date, the Debtors have worked cooperatively and constructively with their secured lenders, the U.S. Trustee, and, since its formation, the Committee to provide access to the Debtors' books and records, including disclosures relating to the Non-Debtor Entities. In addition, the Debtors will soon file their statements of financial affairs and schedules of assets and liabilities pursuant to section 521 of the Bankruptcy Code and monthly operating reports, each of which provide considerable information regarding the Debtors business operations and financial position to all parties in interest. These chapter 11 specific reporting obligations are in

6

KE 31812583

addition to those required under the Securities Laws. Filing even more detail pursuant to Bankruptcy Rule 2015.3(a) for the Non-Debtor Entities would force the Debtors to disclose confidential, commercially sensitive information that could undermine the competitiveness of the Non-Debtor Entities to the ultimate detriment of the Debtors and their estates. Finally, preparing such reports with additional detail would be unduly burdensome and divert key resources away from the Debtors' efforts to emerge from chapter 11 on an expedited basis. For purposes of internal management and financial tracking, the Debtors currently account for the Non-Debtor Entities' financial information on a regional, not entity-by-entity, basis. To demand such accounting changes during these chapter 11 cases would be costly and unduly burdensome. This concern is magnified by the Debtors' good faith estimate that unsecured creditors will be paid in full on account of their allowed claims under the plan of reorganization the Debtors successfully negotiated with their undersecured prepetition secured lenders. For these reasons, the Debtors respectfully submit that cause exists in these chapter 11 cases to modify the Bankruptcy Rule 2015.3(a) reporting requirements and to excuse the Debtors from filing additional reports with respect to the Non-Debtor Entities otherwise required by Bankruptcy Rule 2015.3.

18. Courts in this district and others have granted similar relief to that requested herein in comparable chapter 11 cases. *See, e.g., In re Vertis Holdings, Inc.*, No. 12-12821 (CSS) (Bankr. D. Del. Oct. 31, 2012) (modifying Bankruptcy Rule 2015.3 reporting requirements for cause); *In re NewPage Corp.*, No. 11-12804 (KG) (Bankr. D. Del. Nov. 9, 2011); *In re AbitibiBowater Inc.*, No. 09-11296 (KJC) (Bankr. D. Del. Nov. 9, 2010) (same); *In re Flying J Inc.*, No. 08-13384 (MFW) (Bankr. D. Del. Oct. 27, 2009) (same); *see also In re Lear*

KE 31812583

*Corp.*, No. 09-14326 (ALG) (Bankr. S.D.N.Y. Aug. 25, 2009) (same); *In re Tronox Inc.*, No. 09-10156 (ALG) (Bankr. S.D.N.Y. May 8, 2009) (same).[4]

### Notice

19. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Committee; (c) the administrative agent under the Debtors' first lien credit facility; (d) counsel to the administrative agent; (e) co-counsel to the administrative agent (f) the first lien credit facility lenders; (g) counsel to the first lien credit facility lenders; (h) co-counsel to the first lien credit facility lenders; (i) the United States Environmental Protection Agency; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the office of the attorneys general for the states in which the Debtors operate; (m) the Securities and Exchange Commission; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

### No Prior Request

20. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Wilmington, Delaware
Dated: May 23, 2014

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Jeffrey D. Pawlitz (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: patrick.nash@kirkland.com
jeffrey.pawlitz@kirkland.com
bradley.giordano@kirkland.com

*Proposed Co-Counsel for the
Debtors and Debtors in Possession*