**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GSE ENVIRONMENTAL, INC., | ) ) | Case No. 14-11126 (MFW) |
| Reorganized Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) | Chapter 11 |
| GSE ENVIRONMENTAL, LLC, | ) ) | Case No. 14-11128 (MFW) |
| Reorganized Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) | Chapter 11 |
| GSE HOLDING, INC., | ) ) | Case No. 14-11127 (MFW) |
| Reorganized Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) | Chapter 11 |
| SYNTEC, LLC, | ) ) | Case No. 14-11129 (MFW) |
| Reorganized Debtor. | ) ) ) | (Jointly Administered) |

**Docket Ref. No. ——— 604**

**FINAL DECREE CLOSING THE CHAPTER 11 CASES
AND TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES**

Upon the motion (the "Motion")[1] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors") for the entry of a final decree (this "Final Decree")[2]

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

DOCS_DE:206940.2 30106/001
DOCS_DE:206940.5 DOCS_DE:206940.6 30106/001

closing these chapter 11 cases and terminating certain claims and noticing services, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. The following chapter 11 cases of the Reorganized Debtors are hereby closed; *provided* that this Court shall retain jurisdiction as provided in Article XI of the Plan:

| Debtor | Case No. |
|---|---|
| GSE Environmental, Inc. | 14-11126 |
| GSE Environmental, LLC | 14-11128 |
| GSE Holding, Inc. | 14-11127 |
| Syntec, LLC | 14-11129 |

3. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any party in interest to seek to reopen any of these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code.

4. The Reorganized Debtors shall, on or before 10 days after entry of this Final Decree: (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6); and (b) <ins>file with the Court and</ins> serve copies of all post-confirmation reports on the U.S. Trustee.  Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen these chapter 11 cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

5. The Claims and Noticing Services are terminated in accordance with the Motion upon the completion of the services listed in paragraph 6 below.  Thereafter, Prime Clerk shall have no further obligations to this Court, the Debtors, the Reorganized Debtors, or any other party in interest with respect to the Claims and Noticing Services in these chapter 11 cases.

6. Pursuant to Local Rule 2002-1(f)(ix), within 30 days of entry of this Final Decree, Prime Clerk (or the Reorganized Debtors, as applicable) shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a Final Claims Register in the lead case containing claims of all cases. Prime Clerk shall box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.  In addition to the foregoing, pursuant to Local Rule 2002-1(f)(xii), Prime Clerk shall docket a Final Claims Register in each jointly-administered case containing the claims of only that specific case.

7. Should Prime Clerk receive any mail regarding the Reorganized Debtors or the Debtors after entry of this Final Decree, Prime Clerk shall collect and forward such mail no less frequently than monthly to the Reorganized Debtors.

8. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

9. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related (a) the Sorrentino Adversary Proceeding and the Sorrentino Claim and (b) the implementation, interpretation, and/or enforcement of this Final Decree.

Dated: _____, 2016
Wilmington, Delaware

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge